PATTIE D. B. ARRINGTON v. W. H. ARRINGTON.

*Action for the Recovery of Land—Pleading—Proof—Husband and Wife—Presumption of Gift.*

1. Where the complaint in an action to recover land alleges title and right of possession in the plaintiff, proof that plaintiff is the owner of the equity of redemption in the land will permit a recovery as against a mere trespasser.

2. Where a husband with his own money purchases and improves land, putting the title in the wife, there is no resulting trust in favor of the husband, but a gift to the wife, both of the land and the improvements, is presumed from the relation of the parties.

3. In an action to recover land the plaintiff must have the right to the possession not only at the institution of the suit but at the time of

the trial also; hence, in the trial of such an action, where it appeared that the plaintiff had at the commencement of the action only an equity of redemption in the land, it was error to exclude testimony tending to show that between the commencement of the action and the trial the plaintiff had lost her equitable title.

ACTION to recover possession of land, commenced in Wayne county and removed by consent to NASH, where it was heard at the November Term of the Superior Court, 1893, before *Hoke, J.*, and a jury. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. F. S. Spruill* and *E. W. Timberlake*, for defendant (appellant).
No counsel *contra*.

BURWELL, J.: It appears from the pleadings and the "case on appeal" that there is little or no dispute between the parties about the facts upon which each of them claims the land described in the complaint.

In 1875 the plaintiff was the wife of the defendant. In 1880, in the State of Illinois, she was divorced from him *a vinculo matrimonii*. In July, 1891, she brought this action to recover the land in controversy, of which the defendant had possession. It comprised two tracts, one containing one and one-half acres and the other three and one-half acres. On the first tract the defendant had put houses and other improvements to the value of about $1,600. This was done while the plaintiff was his wife.

The defendant testified that he bought both of the tracts; that he paid for the first named tract with "funds of his wife, or which came from her estate," which money he said was his own *jure mariti*, he and she having married before 1868. The second tract he paid for with his own money. The title to these lands was made to plaintiff in fee-simple,

and the defendant's explanation of this fact is: "The money came by her, and for this reason I caused title to be made to my wife as a home for us both." There was no contradiction of this evidence.

It appeared on the trial that on the 6th day of November, 1890, the plaintiff had executed a mortgage to W. J. Harris and J. W. Crowell, which was duly registered on November 11, 1890. This deed conveyed to the mortgagees the first or one and one-half acre tract to secure the payment of a note for fifty-two dollars due January 1, 1891, and contained the usual power of sale in case of default.

Three of the contentions of the defendant may here be disposed of:

1. The mortgage to Harris and Crowell being unsatisfied when this action was brought, the plaintiff had only an equitable title to the land thereby conveyed. But she could recover upon it according to the well-settled rule in this State. *Condry* v. *Cheshire*, 88 N. C., 375. In her complaint she alleged title and 'right of possession, and proof that she was the owner of the equity of redemption would be admissible under such allegations against a trespasser. More specific pleadings are necessary to recover upon an equitable title in certain cases, and the rule as to that is stated in *Geer* v. *Geer*, 109 N. C., 679. His Honor therefore properly ruled that the plaintiff, though she was the owner only of the equity of redemption, could recover of the defendant, who, as far as appeared, was a mere trespasser, not claiming the legal title or that he held under the owners of that title.

2. It was also properly held that there was nothing whatever to support the contention of the defendant that the plaintiff and her heirs had been invested with the title to the land in dispute to hold it in trust for the defendant and his heirs, or for the plaintiff and defendant jointly. For,

while it is true that when the title to land is taken to one person and the purchase is paid by another there is as a general rule a resulting trust in favor of the latter, that doctrine has no application where, as here, a husband purchases land and pays for it, but puts the title in his wife. In such case the wife holds the land as a gift and not in trust. This is presumed from the relation of the parties. There was nothing here to rebut that presumption or in anywise to restrict the effect of the deeds made to her.

3. Improvements put by the husband on his wife's land must also, and for the same reason, be considered as a gift from her to him. It was properly held that the value of such improvements was not chargeable on the defendant's land.

We come now to the consideration of the defendant's exception to the exclusion of testimony offered by him to show that default had been made by plaintiff in the payment of the note secured by the mortgage hereinbefore mentioned; that pursuant to the terms of that mortgage a sale of the first or one and one-half acre tract was made on the first day of August, 1892, when one Green became the purchaser and a deed was made to him, it being admitted, as stated in the case, that " the mortgage and deed are in due form; that the notice was given and the sale made after due compliance with the requirements of the statute and the provisions of the mortgage."

The facts that he thus offered to show were set out in the defendant's answer which, owing to some delay in the filing of the pleadings, seems not to have been made until after August, 1892, the date of the alleged sale.

The evidence which had been admitted—the mortgage of 1890—showed that when the plaintiff began her action she did not have the legal title to the one and one-half acre tract but only an equitable title thereto, to-wit, an

equity of redemption. The proffered and excluded evidence tended to show that the plaintiff, between the commencement of the action and the trial, had lost her equitable title and then had no right whatever to the possession of that tract. It should not have been excluded, for in an action to recover land the rule is that the plaintiff must have the right to the possession not only at the institution of the suit but at the time of trial also. This is said by Lawson (Rights & R., Vol. VII, sec. 3708) to be almost the universal rule, the only exception thereto being in Vermont, as he says in his note referring to *Edgerton* v. *Clark*, 20 Vt., 264. That case does not sustain the statement of the learned author that it is an exception to the rule. It only decides that a plaintiff in such an action, who has title to the demanded premises at the commencement of his suit, and at the *time of trial*, is not precluded from recovering by the fact that there has been an intervening period during which he has by his own acts been divested of all title. It has been repeatedly decided by this Court that, in such actions as this, damages are recoverable up to the time of the trial, and not only to the beginning of the suit, as under the former practice. *Pearson* v. *Carr*, 97 N. C., 194. This rule would seem to require the admission of such evidence as the defendant tendered, and which was excluded, for the plaintiff would surely not be entitled to damages on account of the unlawful withholding possession of this tract for a time beyond the duration of her own title to it. Because of the exclusion of this evidence there must be a

New Trial.