J. E. CAVENAUGH v. H. A. JARMAN.

(Filed 29 October, 1913.)

1. **Deeds and Conveyances—Parol Trusts—Grantor—Beneficiaries—Parties.**

   A grantor in a deed may not establish, contrary to the terms of his deed, a parol trust in himself to the land conveyed, nor can other beneficiaries of the alleged trust have the trust established in their behalf, when they are not parties to the suit.

2. **Judgments—Nonsuit—Adjudication.**

   Where a judgment of nonsuit is entered upon demurrer, the judgment should only adjudicate that the complaint does not state a cause of action and deny the right of recovery.

3. **Pleadings—Amendments—Court's Discretion—Appeal and Error.**

   The refusal of the trial judge, in his discretion, to allow an amendment to a pleading is not reviewable on appeal.

4. Judgments—Mortgages—Foreclosure Suits—Estoppel.

The plaintiff alleged that a decree of foreclosure was entered against him, and the mortgaged premises sold at a price insufficient to pay off the amount of the mortgage; that an action was then instituted, which adjudged the amount due, condemning the land to its payment, and, after it was docketed, the plaintiff, an ignorant man, conveyed a certain other tract of his land to another, who then conveyed it to plaintiff's wife, under advice and belief that this was the only way to secure a homestead to himself; that a homestead in this land was allotted, to which exceptions were filed, eventuating in a judgment denying the homestead right. The defendant demurred: *Held*, the plaintiff is estopped by the former judgment from claiming his homestead in this action.

5. Pleadings—Demurrer—Judgment Objectionable—Costs.

The demurrer to the complaint in this action is sustained and the form of the judgment held objectionable, and the judgment is modified and the plaintiff and his surety on his prosecution bond taxed with costs.

APPEAL by plaintiff from *Connor, J.,* at July Term, 1912, of ONSLOW.

The only parties to this action are J. E. Cavenaugh, the plaintiff, and H. A. Jarman, the defendant.

The complaint alleges, in substance, that in 1905 the plaintiff and his wife executed a mortgage to one Mills, conveying certain lands, to secure a debt; that upon default in the payment of the debt, an action was instituted against the plaintiff and his wife in the Superior Court of Onslow County, in which a decree was rendered at July Term, 1908, adjudging the amount due, and condemning the land to be sold to pay the same; that the land was sold under the decree and the proceeds applied to the judgment, leaving a balance of $382.52 due thereon; that after said judgment was docketed the plaintiff conveyed another tract of land of 25 acres, which belonged to him, to his son-in-law, and on the same day the son-in-law conveyed the land to the wife of the plaintiff; that execution issued on the judgment of 1908 to collect the balance due thereon and was levied on the said 25 acres; that a homestead was allotted under said execution and exceptions thereto were filed, which were passed on at

April Term, 1912, and a judgment was then rendered substantially holding that the plaintiff was not entitled to a homestead and directing the land to be sold; that said land was sold under execution on 1 July, 1912, and the defendant became the purchaser at the price of $530, and took a deed therefor; that protest was made against the sale, upon the ground that it had not been properly advertised and was not being offered for sale at the hour allowed by law.

There was also allegation that the plaintiff was an ignorant man, and that the deed to his son-in-law and from him to the wife were executed in good faith and under advice that this was the best way to secure a homestead, and that the price paid by the defendant was inadequate.

The defendant demurred to the complaint, upon the ground that it failed to state a cause of action in any one, and also that it showed no title or interest in the plaintiff.

The demurrer was sustained, and the plaintiff excepted.

The plaintiff then moved the court to allow him to amend the complaint by alleging in substance specifically that the plaintiff made the conveyance of the tract of land mentioned in the complaint, under which his wife obtained the deed therein mentioned, being ignorant of the true manner of securing to himself, his wife and children their homestead rights, and that the true purpose and intent of the transaction was that the said property should be held in trust for the purpose of securing to the said plaintiff, his wife and children the homestead allowed by the Constitution of North Carolina; that there was no intent to defraud any creditors in so doing, but that the plaintiff, through ignorance and advice of others, honestly believed that this was the proper way to obtain his homestead rights for the benefit of his wife and children, and such was the expressed trust attached to the said deeds therein mentioned. The court declined to permit the plaintiff to amend the complaint as above, holding also as a matter of law that such amendment was immaterial and could not affect the result of the action.

To the court's declining to allow such amendments and to its ruling the plaintiff excepted.

The judgment also contains an adjudication of title, an order for a writ of possession against the plaintiff, and for an assessment of damages against the plaintiff and the surety on his bond.

The plaintiff excepted and appealed. .

*G. V. Cowper and Duffy & Koonce for plaintiff.*
. *McLean, Varser & McLean and Frank Thompson for defendant.*

PER CURIAM. The ruling of his Honor on the motion to amend seems to have been in the exercise of his discretion, and would not be reviewable, but we concur in the opinion that if the amendment had been allowed, the complaint as amended would not have stated a cause of action.

The facts are not clearly stated, but as they appear, the judgment of 1912 would be an estoppel, and if there was no estoppel, the plaintiff could not establish a parol trust in his own favor against the grantee in his deed, under *Gaylord v. Gaylord,* 150 N. C., 222, and his wife and children, alleged to be the other beneficiaries of the trust, are not parties.

The exceptions to the form of the judgment are well taken. No answer has been filed by the defendant, and no facts are admitted, and the judgment upon the demurrer should do no more than adjudicate that the complaint does not state a cause of action and that the plaintiff has no right to sue.

It also appears that the bond of the plaintiff does not purport to cover anything except costs. .

The judgment will, therefore, be modified to the effect that the demurrer be sustained, the action be dismissed, and that the defendant recover of the plaintiff and his surety his costs.

Modified and affirmed.