ALMIRA NELSON v. ROBERT NELSON.

(Filed 9 October, 1918.)

1. **Husband and Wife—Wife's Separate Estate.**

   A wife is entitled to her separate estate, and to receive the rents and profits therefrom, whether living with or apart from her husband.

2. **Same—Betterment—Equity—Statutes.**

   Permanent improvements put by the husband upon the lands of his wife, knowing that the lands were her separate estate, and not by mistake in honest belief that they were his own, does not entitle him to recover for betterments, upon any principle, equitable or otherwise.

3. **Husband and Wife — Wife's Separate Estate — Improvements — Gift — Equity—Liens.**

   Where the husband knowingly places permanent improvements on the separate real estate of his wife, they will be presumed, nothing else appearing, to have been a gift to the wife, and no equitable lien in his favor can be presumed. *Arrington v. Arrington*, 114 N. C., 119, cited and applied.

ACTION tried before *Calvert, J.,* at February Term, 1918, of LENOIR, upon motion for judgment upon the pleadings.

The court rendered judgment for plaintiff. Defendant appealed.

*Dawson, Manning & Wallace, and Cowper, Whitaker & Hamme for plaintiff.*

*Rouse & Rouse for defendant.*

BROWN, J. Plaintiff is the wife of defendant, living separate and apart from her husband, but not divorced. She sues to recover possession and control of her landed estate from the defendant, and to enjoin

him from receiving the rents and profits or in any way interfering with her exclusive control of it.

The defendant admits he and his wife have separated, and that the property described in the complaint is the separate estate of the plaintiff. He avers that they were married in 1875 and separated in 1916, and that during that period he made valuable improvements upon his wife's land, amounting to $5,000. He asks that the lands be subjected to said charge in his favor, and that he be allowed to remain in possession and continue in receipt of rents and profits until such sum is repaid.

It has been settled in this State that the wife, whether separated from her husband or living with him, is entitled to the management and control of her separate estate and to receive the rents and profits. *Manning v. Manning,* 79 N. C., 301. This decision has been cited and approved in a large number of cases cited in the annotations. Its authority cannot now be controverted.

Recognizing the controlling force of the precedents, the defendant sets up a claim for betterments and seeks to subject the land to such lien.

The defendant does not aver in his answer that such improvements were made in pursuance of a written contract, probated and approved, as required by section 2107 of the Revisal, but, we presume, bases his claim upon the statute relating to betterments, or upon the principles of equity.

It is quite certain that the defendant has no claim under the statute, for he had no reasonable ground to believe that he had a good title to the land. He did not put the improvements on his wife's land by mistake in the honest belief that he was improving his own land. He knew the land belonged to his wife, and that she acquired it before marriage.

Therefore, he has not the shadow of a right under the statute. · *Pritchard v. Williams,* at this term.

Nor has the defendant any lien in equity. If A. pays the purchase money for land and has a deed made to B., a resulting trust arises in favor of A. But if B. is A.'s wife at the time, no such trust arises, for the law presumes that A. had the deed made to his wife for her benefit. *Arrington v. Arrington,* 114 N. C., 119.

The same presumption arises as to improvements placed on the wife's land by the husband. They are presumed to have been placed there as a gift to the wife. *Arrington v. Arrington, supra; Kearney v. Vann,* 154 N. C., 316.

Affirmed.