ANNIE E. ANDERSON v. HENRIETTA ANDERSON ET ALS.

(Filed 7 May, 1919.)

1. **Husband and Wife—Deeds and Conveyances—Statutes—Probate Officer—Certificate—Mistake—Evidence.**

   Where the wife brings suit to set aside her deed to lands conveyed by her to her husband for failure of the probate officer to certify that it was not unreasonable or injurious to her, Revisal, 2107, and the defendants allege that this requirement was observed by the officer but omitted by mistake from his certificate, testimony of the wife and the probate officer as to what transpired at the time is competent in rebuttal of the defendant's evidence, if he had introduced any, and immaterial if he did not do so.

2. **Appeal and Error—Issues—Courts—Immaterial Issues.**

   It is not error for the trial judge to withdraw from the consideration of the jury issues which had been submitted to them but immaterial to the inquiry.

3. **Husband and Wife—Wife's Separate Property—Betterments.**

   The heirs at law of the deceased husband may not recover for improvements he had placed on his wife's lands with his own money, in the absence of proof that he did so under a written contract properly probated, and with the officer's certificate required by Revisal, sec. 2107; or that he made them with the honest belief that he owned the title or that he reasonably believed that he was improving his own land.

4. **Husband and Wife—Betterments—Gifts—Presumptions.**

   The husband has no lien upon his wife's lands for improvements he has knowingly placed thereon with his own money in the absence of a valid agreement to that effect, the presumption being that it was a gift to her.

5. **Trusts—Husband and Wife—Parol Trusts—Evidence—Quantum of Proof—Burden of Proof—Debt—Parties—Executors and Administrators.**

   Where the husband, or those claiming under him, seeks to set up a parol trust in the wife's land in his favor, it is necessary to show the trust by "clear and convincing" evidence, though a preponderance thereof only is necessary where the husband has since died and the action is brought by his administrator, a necessary party, to recover money which the deceased husband has paid to his own use.

APPEAL by defendants from *Long, J.,* at August Term, 1918, of DAVIE.

This was an action for the recovery of a tract of land containing 30½

26—177

acres and to set aside a deed from plaintiff to her husband, Thomas M. Anderson, deceased, under whom the defendants claim, upon the ground that said deed was void because not executed with the certificate of the officer as required by Rev., 2107.

The defendants allege that the privy examination of the plaintiff in the deed to said Thomas M. Anderson was duly taken, but that by mistake and oversight he omitted to insert in his certificate that the deed was not unreasonable or injurious to her.

The defendants also allege that at the time the deed was executed by the plaintiff, Annie E. Anderson, to her husband, Thomas M. Anderson, the defendant's ancestor under whom they claim, the plaintiff held an undivided two-thirds in the 30½-acre tract in trust for Thomas M. Anderson, and that the other one-third interest therein owned individually by the plaintiff had been conveyed to her husband in consideration of the contract whereby he built a house on her land, a tract separate and distinct from the land in controversy.

The plaintiff denied that there was any trust existing between herself and husband relative to the two-thirds interest in the land, or that there was any contract whereby she was to execute a deed to him for the other one-third interest in the land, in consideration of his building a house on a separate tract.

The jury found with the plaintiff on these contentions. The court rendered judgment in favor of the plaintiff, from which the defendants appealed.

*A. T. Grant, Jr., and E. L. Gaither for plaintiff.*
*Jacob Stewart and Holton & Holton for defendants.*

CLARK, C. J. The defendants alleged in their answer that the plaintiff not only executed the deed to her husband freely and voluntarily, her privy examination being taken, but that the officer found that the same was not unreasonable or injurious to her, though by oversight and mistake he omitted to insert that finding in his certificate of probate. This was denied by the plaintiff. We cannot sustain the exception that the wife and the probate officer were permitted to testify as to what happened at the examination. This would have been competent in rebuttal if there had been evidence by defendants in support of their allegation, and there being none, this evidence was immaterial and harmless.

The defendants also excepted to the withdrawal by the court of the fourth issue, as to whether the plaintiff contracted with her husband to convey him one-third interest in the land in consideration of building for her a house on her own land; and also the fifth issue, as to the cost and expenses incurred by said T. M. Anderson in building said house.

There was no error in withdrawing these issues because it is not alleged in the answer that any improvements were made by the husband in pursuance of a written contract with his wife, probated and approved as required by Rev., 2107, and there was no evidence of such contract; and further, the defendants, as heirs at law of the husband, had no claim against his wife for improvements placed upon her land by him, for there was no proof or allegation that he believed he had title to the land upon which the improvements were placed, nor was there allegation or proof that he placed the improvements on his wife's land by mistake in the honest belief that he was improving his own land. *Pritchard v. Williams,* 176 N. C., 108.

The husband had no lien in equity because the law presumes that improvements placed upon the wife's land by the husband were a gift to her. *Arrington v. Arrington,* 114 N. C., 119; *Kearney v. Vann,* 154 N. C., 316; *Nelson v. Nelson,* 176 N. C., 191. Moreover, the defendants do not allege that any improvements were placed upon the land in controversy, and there is no evidence to that effect, but all the evidence showed that the house was built upon land admittedly the property of the wife. Besides, the administrator of T. M. Anderson was not a party to this action, and if there were any debt due him for such improvements it could not be recovered except by the husband's administrator.

Exception 6 cannot be sustained for it is merely to a statement by the court of the contention of the plaintiff. Exception 7 is because the court instructed the jury that if the husband paid off an encumbrance upon his wife's land there is a presumption in law that such payment of money was a gift of the wife. *Arrington v. Arrington,* 114 N. C., 119. The court told the jury, however, that if there was an agreement between them before marriage there would be no such presumption.

Exceptions 8 and 9 are that the court told the jury that the evidence required for the establishment of the parol trust alleged should be "clear and convincing." This rule was so laid down in *Harding v. Long,* 103 N. C., 1. It is true that as to the third issue, whether T. M. Anderson paid the purchase money for the said two-thirds interest, as alleged in the answer, this could be proven by the preponderance of the testimony if this were an action by the administrator of the husband to recover a debt, but it was in this action (to which the administrator was not a party) a necessary part of the allegation that the wife held said two-thirds interest under a parol trust for the husband, and therefore the charge was correct that this, as the basis of such parol trust, must be proven by testimony that was "clear and convincing."

No error.