E. L. RHYNE AND WIFE, MYRTLE RHYNE; P. L. SHORE AND WIFE, EMMA J. SHORE, AND PIEDMONT BUILDING AND LOAN ASSOCIATION, v. CHARLES L. SHEPPARD AND WIFE, MARGARET L. SHEPPARD.

(Filed 13 December, 1944.)

**1. Pleadings § 15: Equity § 1d: Estoppel §§ 6g, 6h—**

Where plaintiffs allege in their complaint that one of them built a house upon the property of defendants and that plaintiff who built the house and the other plaintiffs, his assignees, thinking the property was theirs and in good faith, paid taxes thereon and occupied the dwelling openly, notoriously and adversely for more than four years, defendants being residents of the city in which the property was located and making no objection, knowledge is at least inferentially alleged and a cause of action is stated and demurrer on that ground was properly overruled.

**2. Pleadings § 16a—**

In an action to recover the value of improvements made by plaintiff upon the lands of another, assignees of plaintiff are not necessary or proper parties, and demurrer for misjoinder of parties should have been sustained.

**3. Betterments § 3—**

Ordinarily, there can be no recovery in a common law action for improvements made on the lands of another by one who has no color of title to the premises; and there can be no color of title without some paper writing attempting to convey title. G. S., 1-340.

**4. Estoppel §§ 6g, 6h: Equity § 1d: Betterments § 1—**

Where one officiously confers a benefit upon another, the other is enriched but not unjustly enriched. But the recipient cannot stand by and see another confer a benefit upon him and retain the same which knowingly he has permitted to be conferred upon him by mistake.

APPEAL by defendants from *Rudisill, Special Judge,* at June Term, 1944, of GUILFORD. Modified and affirmed.

Civil action to recover the value of improvements placed on the lands of defendants. Heard on demurrer.

The facts alleged are in substance as follows:

Plaintiff E. L. Rhyne on 30 January, 1937, purchased lots 128 and 129 in the subdivision known as Anderson Heights located in or near High Point, Guilford County. He, in the mistaken belief that they

were the lots conveyed to him, immediately entered into possession of lots 120 and 121 of said subdivision. He proceeded to erect a house thereon and he and his assignees, either as actual occupants or through tenants, remained in possession thereof until possession was surrendered to defendants on their demand and proof of superior title 1 January, 1942.

Rhyne and wife, on 12 October, 1937, conveyed lots 128 and 129 to M. C. Poole and wife. Poole and wife on 24 July, 1941, conveyed same to P. L. Shore, and Shore and wife on 28 July, 1941, conveyed same by mortgage to plaintiff, Piedmont Building and Loan Association. It is alleged in this connection that each of said conveyances was executed with the honest belief that lots 120 and 121, together with the house thereon, were being conveyed and that each of said conveyances operated as an equitable assignment of Rhyne's claim for betterments or improvements.

It is further alleged:

"6. That E. L. Rhyne immediately after the purchase of Lots Nos. 128 and 129 from W. C. Idol, on January 30, 1937, in good faith entered into possession of Lots 120 and 121, under the mistaken belief that he had a good title to said lots by virtue of his deed and that the lots occupied by him were actually Lots 128 and 129, proceeded to erect a dwelling house upon what he thought to be Lots 128 and 129, but by error as to the location of said lots erroneously erected said house upon Lots Nos. 120 and 121, the property of the defendants; that upon the erection of said house, E. L. Rhyne borrowed money thereon and executed a deed of trust upon the same and went into possession thereof, and the said E. L. Rhyne and the subsequent owners, M. C. Poole and P. L. Shore, either occupied the house personally or the same was occupied by their tenants and they collected the rent thereon, listed the same for taxes, paid the taxes and were in open and notorious possession of said property, adverse to the claims of the defendants, who at all times lived and resided in the City of High Point and made no claim to the property or any objection to the occupancy of the same by the plaintiffs or their tenants until about January 1, 1942.

"8. That the plaintiffs, believing that they had good title to the property, made permanent improvements thereon, which said improvements increased the value of the property in the amount of $1,250, said improvements being betterments placed upon the defendants' lands by the plaintiffs."

Plaintiffs pray judgment for the value of improvements in the amount of $1,250 and an accounting for rents.

Defendants demurred for that (1) the complaint fails to state a cause of action in behalf of plaintiffs or either of them, and (2) there is a

misjoinder of parties for that plaintiffs other than Rhyne and wife are neither necessary nor proper parties to the action.

The court below entered its order overruling the demurrer and defendants appealed.

*Roberson, Haworth & Reese for plaintiffs, appellees.*
*J. Allen Austin for defendants, appellants.*

BARNHILL, J.　The demurrer for that plaintiffs other than Rhyne and wife are neither necessary nor proper parties to this action is well founded.　Conceding but not deciding that Rhyne has a right in equity to recover for improvements made on the property of the defendant, his deed for lots 128 and 129 does not operate as an equitable assignment of his claim.　His right, if any, does not run with the land upon which he mistakenly thought he was building.　*Lumber Co. v. Edwards,* 217 N. C., 251, 7 S. E. (2d), 497.

His vendees purchased unimproved lots upon which they and their grantors honestly believed there was a dwelling.　No doubt they have an adequate remedy, but it is not by action against the defendants for improvements made by Rhyne on the property of defendants.

That brings us to this remaining question.　Has plaintiff Rhyne (his wife being merely a formal party) sufficiently alleged an enforceable claim in equity?

At common law a claim for improvements was enforced by way of a setoff against the claim of the true owner for rents and profits, and ordinarily, the remedy of such a claimant was confined to a defensive setoff. He could maintain no independent action against the owner to recover compensation.　27 Am. Jur., 279; Anno. 104 A. L. R., 578.

Even then, ordinarily, there can be no recovery in a common law action for improvements made on the lands of another by one who has no color of title to the premises; *Scott v. Battle,* 85 N. C., 185; *R. R. v. McCaskill,* 98 N. C., 526; *Pritchard v. Williams,* 176 N. C., 108, 96 S. E., 733; *Rogers v. Timberlake,* 223 N. C., 59; 27 Am. Jur., 266; and there can be no color of title without some paper writing attempting to convey title.　*Tate v. Southard,* 10 N. C., 119; *Williams v. Scott,* 122 N. C., 545; *Barrett v. Brewer,* 153 N. C., 547, 69 S. E., 614; *Dorman v. Goodman,* 213 N. C., 406, 196 S. E., 352.

The defendants contend that Rhyne's action is a common law action for improvements and rest their demurrer on these principles of law. They insist that he has failed to state a cause of action in that the complaint not only fails to allege but specifically negatives any color of title.

This defect may be conceded.　But the complaint is not to be so strictly construed.　Plaintiff is not confined to a common law action for

RHYNE v. SHEPPARD.

improvements, if indeed such right may be enforced by independent action. G. S., 1-340. He may resort to the equitable doctrine of unjust enrichment frequently enforced under the doctrine of estoppel. If the complaint sufficiently states a cause of action under this principle of law, it must stand.

Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for their value. But he cannot retain a benefit which knowingly he has permitted another to confer upon him by mistake.

"It is said to be a very familiar rule of the law of estoppel that if the owner of an estate stands by and sees another erect improvements on the estate in good faith in the belief that he has a right to do so, and does not interpose to prevent the work, he will not be permitted to claim such improvements after they are erected." 27 Am. Jur., 275; see also Anno. 76 A. L. R., 304.

It has been held also that where one, under a mistake as to the location of his own premises, in good faith, and without inexcusable negligence, makes improvements upon the land of another, and the latter, knowing of the making of the improvements, but being himself ignorant of the mistake in location, fails to make objection; the improver may obtain suitable relief in equity. 27 Am. Jur., 276; Anno. 104 A. L. R., 597.

Equity acts in these respects upon the principle that an unjust enrichment should be prevented. 27 Am. Jur., 276; Anno. 76 A. L. R., 304.

Here the complaint alleges that Rhyne built a house upon the property of the defendants and that he and his assignees paid the taxes thereon, occupied the dwelling and remained in open and notorious possession of the property adverse to the claims of the defendants for more than four years, during which time the defendants were residents of the city in which the property was located, and notwithstanding these facts, defendants made no objection to the improvements or to the occupancy of the premises. It is not unreasonable to assume, under these circumstances, that defendants knew of the improvements and of the occupancy of the premises under claim of right. At least such fact is inferentially alleged.

We are of the opinion therefore that the complaint sufficiently sets forth a cause of action in equity in behalf of the plaintiff Rhyne.

Whether plaintiff will be able to offer evidence sufficient to support his allegations is another question. *Montgomery v. Blades,* 222 N. C., 463, 23 S. E. (2d), 844.

Judgment should be entered in accord with this opinion.

Modified and affirmed.