## BANKS W. BASS v. LILLIE PATTERSON BASS.

(Filed 4 June, 1948.)

**1. Frauds, Statute of, § 12: Husband and Wife § 12c—**

Demurrer is properly sustained to a cause of action based on allegations that plaintiff conveyed to his wife certain lands pursuant to an agreement that she would hold the property for the benefit of both, since a grantor may not engraft a parol trust in his favor on his deed absolute in form.

**2. Husband and Wife § 12c—**

Where the husband pays the purchase price of land and has conveyance made to his wife, the law will presume a gift of the land to the wife, but the presumption is subject to rebuttal by clear, strong and convincing proof.

**3. Husband and Wife §§ 6, 12c—**

Where the husband pays the purchase price and has conveyance of land made to his wife, her agreement to hold title for the benefit of them both does not affect her separate estate, and it is not required that the agreement be executed in the manner set forth in G. S., 52-12.

**4. Husband and Wife § 12c: Trusts § 4b—**

A complaint alleging that plaintiff paid the purchase price for certain lands and had conveyance made to his wife under a parol agreement that she would hold title for the benefit of them both, states a cause of action and demurrer thereto is properly overruled, but plaintiff has the burden of establishing the resulting trust by clear, strong and convincing proof.

APPEAL by defendant from *Morris, J.,* at March Term, 1948, of ALAMANCE.

This is a civil action to establish a parol trust in favor of the plaintiff.

The plaintiff and defendant were married prior to 2 February, 1934, and lived together as man and wife until 3 February, 1946, when they separated and thereafter the defendant obtained a divorce from the plaintiff.

The plaintiff alleges that while he and the defendant were living together as man and wife he conveyed to the defendant certain real estate and caused other real property purchased by him to be conveyed to his wife, pursuant to an agreement with her that she would hold such property for the benefit of the plaintiff and the defendant.

The defendant demurred to the complaint on the ground that the facts alleged are insufficient to constitute a cause of action. The demurrer was overruled, and the defendant appealed, assigning error.

*Thos. C. Carter and Long & Ross for plaintiff.*
*A. M. Carroll for defendant.*

BASS v. BASS.

DENNY, J.   The plaintiff conveyed certain property to the defendant and now seeks to establish a parol trust in his favor for a one-half interest in the property.   A parol agreement in favor of a grantor, entered into at the time or prior to the execution of a deed, and at variance with the written conveyance, is unenforceable in the absence of fraud, mistake, or undue influence.   *Loftin v. Kornegay,* 225 N. C., 490, 35 S. E. (2d), 607; *Carlisle v. Carlisle,* 225 N. C., 462, 35 S. E. (2d), 418; *Davis v. Davis,* 223 N. C., 36, 25 S. E. (2d), 181; *Winner v. Winner,* 222 N. C., 414, 23 S. E. (2d), 251; *Taylor v. Addington,* 222 N. C., 393, 23 S. E. (2d), 318; *Insurance Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Cavenaugh v. Jarman,* 164 N. C., 372, 79 S. E., 673; *Jones v. Jones,* 164 N. C., 320, 80 S. E., 430; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028.

The complaint does not allege a cause of action in so far as the plaintiff seeks to engraft a parol trust in his favor in lands conveyed by him in an instrument which clearly indicates on its face that an absolute and unconditional estate was intended to pass.

The plaintiff alleges, however, that he purchased other properties and caused them to be placed in his wife's name pursuant to an agreement with her that she would hold such properties for their joint benefit.

The mere fact that a husband paid the purchase price for property and "caused title to be taken in his wife's name does not create a resulting trust in his favor, . . . but, on the contrary, where a husband pays the purchase money for land and has the deed made to his wife, the law presumes he intended it to be a gift to the wife," *Carlisle v. Carlisle, supra.   Thurber v. LaRoque,* 105 N. C., 301, 11 S. E., 460; *Arrington v. Arrington,* 114 N. C., 116, 19 S. E., 351; *Ricks v. Wilson,* 154 N. C., 282, 70 S. E., 476; *Singleton v. Cherry,* 168 N. C., 402, 84 S. E., 402; *Nelson v. Nelson,* 176 N. C., 191, 96 S. E., 986; *Whitten v. Peace,* 188 N. C., 298, 124 S. E., 571; *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 451; *Carter v. Oxendine,* 193 N. C., 478, 137 S. E., 424.   This presumption, however, is one of fact and is rebuttable.   *Faggart v. Bost,* 122 N. C., 517, 29 S. E., 833; *Flanner v. Butler,* 131 N. C., 155, 42 S. E., 547; *Carter v. Oxendine, supra; Bank v. Crowder,* 194 N. C., 312, 139 S. E., 604.

In *Flanner v. Butler, supra,* in considering whether or not a trust could be established between a husband and wife, since property purchased by the husband and conveyed to the wife is presumed to be a gift, the Court said: "But this is only the presumption of a fact the law makes, which may be rebutted by evidence, and, when this is done, the parties then stand as if they were not man and wife, that is, they stand as other parties, and the general rule prevails."

A married woman may enter into a parol agreement with her husband to hold title to real estate conveyed to her by a third party, for his benefit

or for their joint benefit. Such an agreement would not involve her separate estate. Consequently such contract is not required to be executed in the manner set forth in G. S., 52-12. Even so, a husband, in order to establish a parol trust in his favor, where his wife holds title to property purchased by him and placed in her name, must overcome the presumption that it was a gift. In order to overcome this presumption and establish a parol trust in his favor, in the absence of fraud, mistake or undue influence, the burden is on the husband to show by clear, cogent and convincing proof that it was the intention of the parties, at the time the property was purchased and conveyed to the wife, that such property was to be held for the benefit of the husband or for their joint benefit. 26 Am. Jur., 727; 41 C. J. S., 633; 30 C. J., 704; *Carlisle v. Carlisle, supra; Anderson v. Anderson,* 177 N. C., 401, 99 S. E., 106; *McCorkle v. Beatty,* 226 N. C., 338, 38 S. E. (2d), 102.

While the burden of making out his case before the jury rests on the plaintiff, and whether or not he can do so is no concern of ours, we do think the complaint is sufficient to survive the demurrer.

The judgment of the Court below is

Affirmed.