### RILEY P. SHUE v. EULA MAE SHUE.

(Filed 3 November, 1954.)

**1. Trusts § 4b—**

   Where a husband conveys property to his wife, or purchases property and causes it to be conveyed to her, or places improvements upon her land, the law presumes a gift, and no resulting trust arises in favor of the husband unless such presumption is rebutted by clear, strong, cogent, and convincing proof.

**2. Trusts § 4c—**

   Evidence that husband and wife purchased property, that the husband suggested that deed be made to him and his wife, that the wife stated the deed should be made to her individually because of a possible lawsuit against him, and that the husband stated that he had all confidence in her and to make the deed to her individually, without evidence that he had ever requested her to put the title in their joint names, *is held* insufficient to rebut the presumption of a gift, and a motion to nonsuit in his action to establish a parol trust or an equitable lien upon the land for the amount of his contribution was properly allowed.

APPEAL by plaintiff from *Martin, Special Judge,* February Term, 1954, of RANDOLPH.

Civil action instituted on 22 June, 1953, to impress a trust on certain lands situate in Randolph County, North Carolina.

The facts pertinent to this appeal are stated below.

1. It is alleged that in 1936, while the plaintiff and defendant were husband and wife, they purchased the lands in controversy, consisting of 105 acres, more or less, and the title thereto was taken in the name of the defendant.

2. It is further alleged that the funds for the purchase of the property were provided by both parties, and that "it was agreed at said time, . . . by express agreement between both of them that the equitable title was to be and remain jointly in their names and possession."

3. It is also alleged that the plaintiff and defendant executed certain deeds of trust on the property as security for loans; that the proceeds from said loans were used in part payment of the purchase price, and that the sum of $1,700.00 still remains unpaid on the premises.

4. That the defendant obtained a divorce from the plaintiff on 22 June, 1953, on the grounds of two years' separation.

5. The plaintiff seeks to be adjudged owner of a one-half undivided interest in the lands in controversy as a tenant in common with the defendant, or to establish an equitable lien on the property in his favor for $5,000.00, the amount he alleges he has expended either as a part of the purchase price of the property or on improvements which he placed on the premises.

6. The defendant filed an answer in which she denies the material allegations in the complaint and alleges that the plaintiff did not contribute any part of the purchase price of the property described in the complaint.

When this cause came on for trial, the plaintiff offered no evidence in support of his allegation to the effect that he and his wife had an express understanding that the equitable title to the property was "to be and remain jointly in their names and possession," or that it was understood that the defendant was to hold any interest therein as trustee for the plaintiff.

The plaintiff's evidence bearing on this question was to the effect that when the plaintiff and defendant went to the office of their attorney to have him prepare the deed, the plaintiff suggested that the deed be made to him and his wife; that the defendant stated the deed should be made to her individually for the reason that the plaintiff and his former landlord were already involved in a controversy that would likely result in a lawsuit. The attorney raised some question as to whether it would be wise to have the property conveyed to the wife alone. The plaintiff then said, according to his evidence in the trial below, "I have all the confidence in the world in her, go ahead and make the deed to her and her heirs." Plaintiff likewise testified that he had never requested the defendant to put the title to the land in their joint names. That he and the defendant were married on 26 July, 1923; that they have five children, all of whom are married except one daughter, thirteen years of age, who lives with the defendant.

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed. The plaintiff appeals, assigning error.

*Moser & Moser for appellant.*
*Hal H. Walker for appellee.*

DENNY, J.   It is well settled in this jurisdiction that where the husband conveys property to his wife, or where he purchases property and causes it to be conveyed to her, the law presumes that it is a gift and no resulting trust arises.  *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418; *Carter v. Oxendine,* 193 N.C. 478, 137 S.E. 424; *Singleton v. Cherry,* 168 N.C. 402, 84 S.E. 698; *Arrington v. Arrington,* 114 N.C. 151, 19 S.E. 351.  The same rule applies with respect to improvements placed on the wife's land by the husband.  *Nelson v. Nelson,* 176 N.C. 191, 96 S.E. 986; *Kearney v. Vann,* 154 N.C. 311, 70 S.E. 747; *Arrington v. Arrington, supra.*

In order to rebut the presumption of a gift to the wife and establish a parol trust, the evidence must be clear, strong, cogent and convincing.  *Carlisle v. Carlisle, supra; Anderson v. Anderson,* 177 N.C. 401, 99 S.E. 106.

The evidence adduced in the trial below is clearly insufficient to rebut the presumption that the money contributed by the plaintiff toward the purchase of the property and for improvements placed thereon was a gift to his wife.  On the contrary, the evidence negatives the existence of any parol trust agreement.  Likewise, the evidence reveals no facts or circumstances which would entitle the plaintiff to an equitable lien on the premises in question for the money he seeks to recover.

The judgment of the court below is
Affirmed.