WAYNE R. WRIGHT v. KATHLEEN D. WRIGHT

No. 111A81

(Filed 30 March 1982)

**Quasi Contracts and Restitution § 1.2— unjust enrichment alleged—distinguished from resulting trust cases—jury instructions proper**

In an action in which plaintiff alleged his wife, defendant, was unjustly enriched by improvements he made upon defendant's home at the time the parties were married, the trial court correctly submitted the following issue to the jury: "Did the defendant agree with the plaintiff to share in the ownership of the real property?" Plaintiff rested his unjust enrichment claim upon his contention that he was induced to make improvements on defendant's property by defendant's express representations to him that he and she would own the property jointly, or as tenants by the entirety. Defendant denied making such representations and offered evidence to show that she never made them. Thus the factual issue determinative of the litigation was the issue submitted. In comparison with a resulting trust case, the focus in an unjust enrichment case is not on the intent of the party furnishing improvements to another's land but is, rather, on the circumstances, if any, which would render it unjust for the owner to keep the benefit of the improvements without compensating the improver. In an unjust enrichment case, plaintiff must prove defendant's alleged promise to permit plaintiff to share in the ownership of the land "by clear, strong and convincing evidence."

Justice MITCHELL took no part in the consideration or decision of this case.

ON petition for further review[1] of a decision of the Court of Appeals, 47 N.C. App. 367, 267 S.E. 2d 61 (1980), vacating a jury verdict for defendant and a judgment entered pursuant to the verdict by *Judge Hairston,* presiding at the 13 August 1979 Session of FORSYTH Superior Court, and ordering a new trial. The case was argued as No. 58 at the Spring Term 1981.

1. We allowed the petition on 7 October 1980, 301 N.C. 240, 283 S.E. 2d 136.

*Alexander, Hinshaw and Schiro, by Robert D. Hinshaw, attorneys for plaintiff appellee.*

*Harper, Wood, Hux and Brown, by William Z. Wood, Jr., attorneys for defendant appellant.*

EXUM, Justice.

Plaintiff furnished extensive improvements to land owned by his wife, the defendant. His claim is for a money judgment and an equitable lien pursuant to the doctrine of unjust enrichment. The principal question presented is whether Judge Hairston, under the pleadings and evidence before him, properly required plaintiff to prove by clear, cogent and convincing evidence that defendant expressly promised him an interest in the land. The Court of Appeals concluded not. We conclude to the contrary and reverse. We also conclude that the same presumption of gift should apply in these cases whichever spouse furnishes the consideration for improvements on the other spouse's land.

This is an action for a money judgment of $17,270.15 and for an equitable lien in that amount on property owned by defendant. Plaintiff alleged the following: The parties were married on 25 October 1975. "[O]n or about" 1 November 1975 defendant "made certain representations" to plaintiff that if plaintiff made and paid for certain improvements on defendant's real property, defendant would convey the property to the parties as tenants by the entirety. "[I]n reliance upon defendant's said representation," plaintiff spent $15,126.91 for materials and $2,143.24 for labor for permanent improvements on defendant's home. Defendant has refused to "fulfill her representation to reconvey said real property to defendant and plaintiff as tenants by the entirety." Plaintiff is therefore entitled to equitable relief "on the basis that defendant has breached the quasi-contractual relationship existing between the said parties and has become unjustly enriched."

In her answer defendant admits the allegations relating to the marriage and that plaintiff "did purchase certain materials and pay for certain labor to the defendant's house." Otherwise, she denies the allegations of the complaint.

The matter came on for trial before Judge Hairston. The evidence consisted solely of the testimony of the parties.

Plaintiff testified as follows: He is a carpenter. He met defendant on 4 July 1975 and married her on 25 October 1975. Before their marriage they discussed the fact that defendant's home was inadequate to house the five people, including defendant's daughter and plaintiff's two sons, who would live there after the marriage. They discussed buying a new home but instead decided that they would remodel defendant's home. Plaintiff, using his carpentry skills, made substantial improvements to defendant's home. He installed new carpet and a new heating and air conditioning system. He added a bedroom, bath, den, double carport with two utility rooms, and a front porch. Although the improvements were begun before the marriage, most of the work was actually accomplished after the marriage. All improvements and additions were the result of the parties' "joint decision." Plaintiff paid for the improvements out of savings "that I had accumulated throughout my life." He spent $15,544.37 for materials and valued his labor at $2,147. In his opinion the fair market value of the home increased from $19,000 before the improvements to between $38,000 and $40,000 after the improvements.

Plaintiff testified that as a result of discussions with his wife about how the improvements would be paid for, he "assumed" and "expected" to own the property jointly after the improvements were made. They discussed changing the deed to include his name. He requested that his name be put on the deed and his wife "informed me that she did have the deed changed." Later plaintiff discovered that defendant had merely changed her name on the deed from her prior married name to that of "Wright." Plaintiff, however, conceded that when he made the improvements he knew that the house was titled in his wife's name. Plaintiff also testified that "the statement about sharing the house was made before we were married." He said, "Our disagreement over the property did lead to our marital problems." Both went to marriage counseling sessions, but ultimately the parties separated on 24 November 1976.

Defendant testified that plaintiff "came up with the idea of remodeling my house to make it bigger" because they were unable to find another house that satisfied him. She told him, "Well if that is what you want, you know, okay." She denied ever promising him "anything concerning the house," saying, "No, I

never made any statement concerning joint ownership of the house." She executed a will devising the home to plaintiff for life with remainder to her daughter. When she showed plaintiff the will "he did not like the wording. He got mad about it. He complained that his boys would not get anything out of the house. He left me for the last time the day after Thanksgiving in 1976. When he left, he had 'cleaned house.' No, he did not take any of my things. Yes, he did take furniture." Defendant did not deny that plaintiff had made substantial improvements on her home. She did "agree with him to make the improvements . . . after we had discussed the possibility of purchasing a bigger house together," but she "did not promise him anything," and "he did not ask or mention anything about putting his name on the deed." She agreed, however, that the "main problem in the marriage concerned putting his name on the deed."

Judge Hairston, treating the claim as one sounding in unjust enrichment,[2] submitted and the jury answered three issues as follows:

> 1. Did the defendant agree with the plaintiff to share in the ownership of the real property?
>
> ANSWER: No.
>
> 2. If so, was the defendant unjustly enriched?
>
> ANSWER: _____
>
> 3. What amount, if any, is the plaintiff entitled to recover from the defendant?
>
> ANSWER: _____

Judge Hairston instructed the jury on the first issue that the burden was upon the plaintiff "to prove by clear, strong and convincing evidence" that the defendant promised the plaintiff that if he would provide the improvements to her property she would

---

2. Judge Hairston instructed the jury at the outset as follows:

[T]he claim is not that she contracted with him, because a contract to part with title to a piece of property, as you know, must be in writing; the claim is that he paid money relying on the agreement which he claims she made, and that he paid money that improved her property, and therefore, enriched her unjustly. . . . But bear in mind, we are not trying a contract case here.

permit him to share in the property. Judge Hairston further instructed the jury that "there is a presumption in law that when a husband makes improvements or spends money on his wife's property, he makes a gift to her . . . unless it is shown, as I have said, by clear, strong and convincing evidence that some other arrangement was intended." Judge Hairston also instructed the jury that if they answered the first issue "no" that would end the lawsuit. He entered judgment on the verdict that plaintiff recover nothing of the defendant and dismissed plaintiff's action.

On appeal to the Court of Appeals, plaintiff contended that Judge Hairston erred in submitting the first issue. Plaintiff argued that the first issue should have been as tendered by him, i.e., "Did the plaintiff intend to make a gift of the labor and materials in improving the home of his wife, the defendant?" The Court of Appeals agreed and ordered a new trial, saying:

> The trial court's substituted issue incorrectly states the law. Plaintiff is not required to show by clear, strong and convincing evidence that his wife '. . . promised to share in the property.' 'No contract, oral or written, enforceable or not, is necessary to support a recovery based upon unjust enrichment.' *Parslow v. Parslow,* 47 N.C. App. 84, 266 S.E. 2d 746 (1980). 'Such a recovery is founded on the equitable theory of estoppel and not on principles of quasi or implied contract.' *Clontz v. Clontz,* 44 N.C. App. 573, 578, 261 S.E. 2d 695 [, 698] (1980). If plaintiff had been successful in rebutting the presumption of gift, all he would have had to show was that the improvements were made *upon the good faith belief* that an estate in the property was promised him. *See Clontz, supra,* at 578 [, 261 S.E. 2d at 695]. That showing need not be made by clear, strong and convincing evidence.

> This case must be sent back for a new trial. At the conclusion of the evidence, in order to recover, plaintiff must first rebut the presumption that the improvements placed on the wife's house were intended as a gift. *See Shue v. Shue,* 241 N.C. 65, 67, 84 S.E. 2d 302 [, 303] (1954).

47 N.C. App. at 369-70, 267 S.E. 2d at 62-63.

We allowed defendant's petition for further review to consider the correctness of the Court of Appeals' decision in light of

our cases on the subject. We conclude that Judge Hairston's formulation of the first issue adequately and fairly put the dispute to the jury and that the jury's answer to that issue entitles defendant to a judgment in her favor. The Court of Appeals erred, therefore, in remanding for a new trial on this ground urged by plaintiff.

As both the Court of Appeals and Judge Hairston correctly noted, this is not an action on a contract. It is a claim based on the equitable doctrine of unjust enrichment. The theory, however, which plaintiff has invoked both in his pleadings and proof to support his claim is this: Knowing the realty to be owned by defendant, he nevertheless made and paid for improvements under the inducement of defendant's express promise that she would convey to him an entirety interest in the property. Although plaintiff does not seek to enforce such a promise, and could not because it is not in writing,[3] he seeks to recover his costs in making the improvements[4] on the ground that because he was induced by defendant's promise to make the improvements, it would be unjust to permit her to have the benefit of them without paying for them.

Not every enrichment of one by the voluntary act of another is unjust. "Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for their value." *Rhyne v. Sheppard,* 224 N.C. 734, 737, 32 S.E. 2d 316, 318 (1944). This rule is particularly applicable where a husband makes improvements to his wife's land because of the presumption that the improvements constitute a gift. *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302 (1954); *Anderson v. Anderson,* 177 N.C. 401, 99 S.E. 106 (1919); *Nelson v. Nelson,* 176 N.C. 191, 96 S.E. 986 (1918); *see also Eaton v. Doub,* 190 N.C. 14, 22-24, 128 S.E. 494, 498-99 (1925) (plaintiff not entitled to value of improvements made by him where there was "no conduct on the part of defendants to induce plaintiff to make the improvements").

---

3. *See* G.S. 52-10; G.S. 22-2.

4. *See Jones v. Sandlin,* 160 N.C. 150, 75 S.E. 1075 (1912), for the correct measure of damages. *But cf. Wells v. Foreman,* 236 N.C. 351, 72 S.E. 2d 765 (1952).

There must be some added ingredient in order to invoke the unjust enrichment doctrine. Insofar as the doctrine applies in cases in which one person makes improvements on land of another, the necessary added ingredients that, for example, have been recognized in our cases are as follows: (1) Improvements made in a good faith but mistaken belief that the improver owned the land and with the acquiescence of the true owner who knows of the mistake, *Rhyne v. Sheppard, supra* (principle of estoppel held applicable); (2) improvements made under a contract with owner's mother who improver mistakenly but in good faith believed was the owner where owner refused to permit removal of improvements, *Beacon Homes, Inc. v. Holt,* 266 N.C. 467, 146 S.E. 2d 434 (1966) (estoppel not present because no allegation that owner had actual knowledge that improvements were being made); (3) improvements made under the inducement of the owner's unenforceable promise to convey the land or an interest therein to the improver, *Jones v. Sandlin, supra,* n. 4; *see also Union Central Life Insurance Co. v. Cordon,* 208 N.C. 723, 182 S.E. 496 (1935); *cf. Eaton v. Doub, supra* (value recoverable by improver when improvements were made " 'in good faith while in bona fide adverse possession of the land under color of title' ").[5]

It is clear from his pleadings and evidence that plaintiff has rested his unjust enrichment claim upon his contention that he was induced to make improvements on defendant's property by defendant's express representations to him that he and she would own the property jointly, or as tenants by the entirety. Plaintiff seeks to invoke the rule recognized in *Jones v. Sandlin, supra,* at 154, 75 S.E. at 1077, as follows:

> The general rule is that if one is induced to improve land under a promise to convey the same to him, which promise is void or voidable, and after the improvements are made [the promisor] refuses to convey, the party thus disappointed

5. Claims founded on unjust enrichment must be distinguished from defensive rights arising under the betterments statute, G.S. 1-340. Under this statute one who, under colorable title, and in a good faith but mistaken belief that he has good title, makes improvements on land is entitled to compensation for the enhanced value of the land due to the improvements when he is ejected by the true owner. *Beacon Homes, Inc. v. Holt, supra,* in text; *Rogers v. Timberlake,* 223 N.C. 59, 25 S.E. 2d 167 (1943); *Barrett v. Williams,* 220 N.C. 32, 16 S.E. 2d 405 (1941).

shall have the benefit of the improvements to the extent that they increased the value of the land.

Plaintiff alleged and sought to prove defendant's representations to him that they would jointly own the land. Defendant denied making such representations and offered evidence tending to show that she never made them. Her evidence tended to show that plaintiff made the improvements voluntarily for reasons satisfactory to himself without any inducement by defendant. Thus the factual issue determinative of the litigation was joined. Judge Hairston adequately submitted it to the jury in his formulation and submission of the first issue, which the jury answered against plaintiff.

Defendant's contention and the Court of Appeals' conclusion that the first issue should have been framed in terms of defendant's intention to make a gift seem to be based on a misunderstanding of the applicable law, or more specifically, a confusion of principles applicable to unjust enrichment cases with those applicable to resulting trust cases.

We recently had occasion fully to consider the law applicable to resulting trusts in *Mims v. Mims*, 305 N.C. 41, 46, 286 S.E. 2d 779, 783 (1982), where we said:

> A resulting trust arises 'when a person becomes invested with the title to real property under circumstances which in equity obligate him to hold the title and to exercise his ownership for the benefit of another. . . . A trust of this sort does not arise from or depend on any agreement between the parties. It results from the fact that one man's money has been invested in land and the conveyance taken in the name of another.' *Teachey v. Gurley*, 214 N.C. 288, 292, 199 S.E. 83, 86-87 (1938). *The trust is created in order to effectuate what the law presumes to have been the intention of the parties in these circumstances— that the person to whom the land was conveyed hold it as trustee for the person who supplied the purchase money. Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222 (1957); *Bowen v. Darden*, 241 N.C. 11, 84 S.E. 2d 289 (1954); *Avery v. Stewart*, 136 N.C. 426, 48 S.E. 775 (1904); Bogert, The Law of Trusts and Trustees, § 454 (2d ed. rev. 1977) . . . . 'The classic example of a resulting trust is the purchase-money resulting trust. In such a situation,

when one person furnishes the consideration to pay for land, title to which is taken in the name of another, a resulting trust commensurate with his interest arises in favor of the one furnishing the consideration. The general rule is that the trust is created, if at all, in the same transaction in which the legal title passes, and by virtue of the consideration advanced before or at the time the legal title passes.' *Cline v. Cline*, 297 N.C. 336, 344, 255 S.E. 2d 399, 404-05 (1979). [Emphasis supplied.]

The resulting trust is an intent-effectuating device. Where one party furnishes the purchase price but has title placed in the name of another, these facts, standing alone, create a rebuttable presumption that a resulting trust was intended. The presumption may be rebutted by showing that, in fact, no trust was intended. *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222 (1957); *Lawrence v. Heavner*, 232 N.C. 557, 61 S.E. 2d 697 (1950). In a resulting trust case, consequently, the focus is on the intention of the party furnishing the purchase price. *Mims v. Mims, supra.* In an unjust enrichment case such as this one, however, the focus is not on the intent of the party furnishing improvements to another's land but is, rather, on the circumstances, if any, which would render it unjust for the owner to keep the benefit of the improvements without compensating the improver.

Neither is it enough, in such a case as this, for plaintiff to show merely that he had a "good faith belief" that the defendant induced him with a promise of an interest in the property, as the Court of Appeals seems to have indicated not only in its opinion in this case but in dictum in *Clontz v. Clontz*, 44 N.C. App. 573, 261 S.E. 2d 695, *cert. denied*, 300 N.C. 195, 269 S.E. 2d 622 (1980), which was later followed in *Parslow v. Parslow*, 47 N.C. App. 84, 266 S.E. 2d 746 (1980). In these cases the Court of Appeals seems to have misapplied the rule in those unjust enrichment cases in which the improver of the land had a good faith but mistaken belief that he owned it, *Rhyne v. Sheppard, supra*, 224 N.C. 734, 32 S.E. 2d 316, or a good faith but mistaken belief that he was authorized to improve it by the owner, *Beacon Homes, Inc. v. Holt, supra*, 266 N.C. 467, 146 S.E. 2d 434. In a case such as this one, however, where the claim of unjust enrichment rests upon the owner's express, unenforceable promise to convey an interest

in the land to the improver, the improver must prove the promise.[6] *See Anderson v. Anderson, supra,* 177 N.C. 401, 99 S.E. 106; *see also Bohannon v. Bohannon,* 249 S.W. 2d 544 (Ky. 1952).

Next, contrary to defendant's contention and the Court of Appeals' conclusion, Judge Hairston properly instructed the jury that plaintiff must prove defendant's alleged promise to permit plaintiff to share in the ownership of the land "by clear, strong and convincing evidence." Where a husband furnishes improvements to his wife's land, the presumption is that the improvements were a gift to her. *Anderson v. Anderson, supra; Nelson v. Nelson, supra,* 176 N.C. 191, 96 S.E. 986; *Kearney v. Vann,* 154 N.C. 311, 70 S.E. 747 (1911); *Arrington v. Arrington,* 114 N.C. 116, 19 S.E. 278 (1894). In cases where a presumption of gift arises when one spouse furnishes consideration for land titled in the name of the other spouse, the presumption must be rebutted, if at all, by clear, cogent and convincing evidence. *Mims v. Mims, supra,* 305 N.C. 41, 286 S.E. 2d 779. We conclude the same standard of proof should apply in order to rebut the presumption of gift arising when a husband makes improvements on his wife's property. *Shue v. Shue, supra,* 241 N.C. 65, 84 S.E. 2d 302, may be read to so hold. Plaintiff here sought to rebut the presumption of

---

6. This is so not only because plaintiff has both pleaded and attempted to prove an express promise but because of the relationship of husband and wife which exists between the parties. In cases not involving special relationships between the parties, the doctrine of unjust enrichment may be invoked upon a theory of an implied promise to pay.

The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation therefor. *Beacon Homes, Inc. v. Holt,* 266 N.C. 467, 146 S.E. 2d 434; *Dean v. Mattox,* 250 N.C. 246, 108 S.E. 2d 541.

The action is based upon the equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another. However, the rule does not apply when the services are rendered gratuitously or *in discharge of some obligation. Twiford v. Waterfield,* 240 N.C. 582, 83 S.E. 2d 548; *Allen v. Seay,* 248 N.C. 321, 103 S.E. 2d 332; *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582.

*Atlantic Coastline R.R. v. State Highway Commission,* 268 N.C. 92, 95-96, 150 S.E. 2d 70, 73 (1966) (emphasis in original); *accord, Wells v. Foreman, supra,* n. 4, 236 N.C. 351, 72 S.E. 2d 765. "[T]he law will not imply a promise to repay the husband the sums he spent for repairing or improving his wife's property . . . ." *Bohannon v. Bohannon,* 249 S.W. 2d 544, 545 (Ky. 1952).

a gift and to establish an equitable lien under the doctrine of un-just enrichment by proving an express promise of defendant to convey to him an interest in the land. *See Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965). He was required, therefore, to prove the promise by clear, cogent and convincing evidence as Judge Hairston instructed.

Finally, plaintiff argues that it is a violation of the Equal Pro-tection Clauses of our state and federal constitutions to invoke a presumption of gift when a husband furnishes improvements on his wife's land, but not when a wife furnishes improvements on her husband's land. Unlike the resulting trust cases involving spousal transactions, with which we dealt fully in *Mims,* we have been cited to no case, nor have we found one, which holds that no presumption of gift arises when a wife furnishes improvements on her husband's land. The only case we have located which deals with a wife's improvements on her husband's land is *Fulp v. Fulp, supra.* In *Fulp,* plaintiff wife's evidence tended to show that she paid for improvements on her husband's land in consideration of her husband's express promise to convey her an interest in the land. The question was whether this evidence was sufficient to survive defendant's motion for nonsuit in the wife's claim to establish an equitable lien on her husband's land. The Court held that it was, saying, 264 N.C. at 23, 140 S.E. 2d at 712:

> Here, there is no question of a gift, for plaintiff has testified that defendant expressly promised to convey her an interest in the land in consideration of the money she advanc-ed. In reviewing the motion of nonsuit we accept this testimony as true. Therefore, defendant had the duty to restore plaintiff her funds. Since she is able to trace the money into the improvements which defendant made on the land, any judgment obtainable would qualify as an equitable lien.

Without reaching the constitutional question we conclude, nevertheless, because of all the reasons we gave in *Mims,* that the same presumption of gift should apply whichever spouse fur-nishes improvements on the other spouse's land.

Defendant is, therefore, entitled to have the judgment entered by Judge Hairston reinstated. The decision of the Court of Appeals remanding for a new trial is

Reversed.

Justice MITCHELL took no part in the consideration or decision of this case.