FRANZ (FRANK) JOSEPH BURMANN, PLAINTIFF v. HERTHA SCHWARZ BURMANN, DEFENDANT

No. 8210DC1220

(Filed 1 November 1983)

**Divorce and Alimony § 21.9— Equitable Distribution of Marital Property Act— divorce granted prior to Act**

> The Equitable Distribution of Marital Property Act applies only to actions for absolute divorce filed after 1 October 1981, and a wife had no right under G.S. 50-11(f) to file an action for an equitable distribution of marital property within six months after an absolute divorce was granted on 13 May 1981.

APPEAL by defendant from *Bullock, Judge.* Order entered 25 August 1982 in District Court, WAKE County. Heard in the Court of Appeals 18 October 1983.

*Gulley and Barrow by Jack P. Gulley and Linda C. Mobley for plaintiff appellee.*

*Sullivan & Pearson by Ernest C. Pearson for defendant appellant.*

BRASWELL, Judge.

Defendant, the divorced wife of the plaintiff, through a motion in the cause now seeks to reopen the case and claim benefits under the Equitable Distribution of Marital Property Act. When the trial court granted summary judgment in favor of the former husband, the wife appealed. We affirm the granting of dismissal through summary judgment in favor of the plaintiff-husband.

The wife contends that the final judgment of absolute divorce of 13 May 1981 did not extinguish her rights to an equitable dis-

tribution of marital property under G.S. 50-11(f). That statute provides, in pertinent part, that "[a]n absolute divorce by a court that . . . lacked jurisdiction to dispose of the property shall not destroy the right of a spouse to an equitable distribution of marital property under G.S. 50-20 if . . . [a] motion in the cause is filed within six months of the date of the divorce." When the General Assembly enacted G.S. 50-20, S.L. 1981, c. 815, s. 7, it provided that the act would become effective on 1 October 1981, "and shall apply only when the action for an absolute divorce is filed on or after that date."

On 6 April 1981 the husband filed the action for divorce. On 13 May 1981 the absolute divorce was granted. The divorce judgment did not make disposition of any marital property. On 1 October 1981 the Marital Property Act, G.S. 50-20, became a substantive part of the law. On 27 October 1981 the wife filed her motion in the cause seeking relief under G.S. 50-20, claiming procedural access through G.S. 50-11(f). The motion in the cause was filed 5 months and 14 days (thus within the statutory six months) of the absolute divorce date. Based upon these undisputed facts we hold that summary judgment for plaintiff was proper because the session laws which created G.S. 50-20 specifically provide that the act would apply only to actions for absolute divorce filed after 1 October 1981.

Affirmed.

Judges ARNOLD and HILL concur.