LUCY BLOUNT WILLIAMS v. ALFRED WILLIAMS, III

No. 8410SC455

(Filed 28 December 1984)

1. **Trusts § 19— constructive trust in marital property—directed verdict proper**
    The court correctly directed a verdict against plaintiff wife on her claim for a constructive trust in real property purchased by her former husband in both names because there was no evidence of fraud, breach of duty, or other wrongdoing by the husband.

2. **Quasi Contracts and Restitution § 5; Mortgages and Deeds of Trust § 1.1— marital property—unjust enrichment, equitable lien—directed verdict proper**
    The trial court properly directed a verdict against plaintiff wife on her claims against her former husband for unjust enrichment and an equitable lien in real property titled in both names where there was no promise, agreement, or representation by the husband that the house would be titled in the wife's name and a loan by the wife's father for construction of a house was to both parties.

3. **Husband and Wife § 17.1— separation—property interest in marital home—not abandoned**
    Plaintiff's former husband did not abandon his property interest in the marital home simply by leaving where there was no statement by the husband

or other evidence that he intended to abandon his property interest, and where he made payments for the mortgage, insurance, and taxes until plaintiff remarried.

**4. Divorce and Alimony § 21.9— equitable distribution—no application to divorce three years before Act**

Common law equitable distribution of marital property has been expressly rejected, and a wife may not claim equitable distribution where the divorce was nearly three years prior to the effective date of the marital property act. G.S. 50-20 (1983).

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 15 December 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 7 December 1984.

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by George W. Miller, Jr. and Michael W. Patrick, for plaintiff appellant.*

*Hunter, Wharton & Howell, by John V. Hunter, III, for defendant appellee.*

BECTON, Judge.

In this action against her former husband, plaintiff, Lucy Blount Williams, sought (1) to impress her husband's one-half undivided interest in certain realty with a resulting or constructive trust; (2) to impress an equitable lien on her husband's business interests; (3) to establish that her husband had abandoned any interest he had in the realty, or in personalty, located on the property in question; and (4) a non-statutory equitable distribution of the property her husband acquired during his marriage to her.

The case was tried before a jury, but, at the close of plaintiff's evidence, the trial court granted the husband's motion for a directed verdict. Plaintiff appeals.

I

Plaintiff, Lucy Williams, and defendant, Alfred Williams, III, were married on 15 November 1947. In 1958, the husband purchased a lot, placing title in both parties' names. In 1962 a house was constructed on the lot, and thereafter a mortgage was placed on the property, signed by both parties. Sixty thousand dollars loaned to the parties by the wife's father went into the construction of the house. In 1976, the husband moved out of the house

but continued to make all mortgage, insurance and tax payments as he had done since 1964. In May 1978, an alimony judgment was entered awarding the wife possession of the house and directing the husband to continue making mortgage, insurance and tax payments. The parties were divorced in November 1978. On 24 May 1982, one day before she remarried, the wife filed this lawsuit alleging alternatively that she owned the entire house by virtue of the doctrines of resulting trust and constructive trust, or that she had an equitable lien on her husband's interest in his business because she had signed guarantees for loans to his business or that he had abandoned his interests in the property.

We have examined all of the wife's contentions, including her contention that she is entitled to a non-statutory equitable distribution of marital property, and find them to be without merit.

II

The trial court correctly directed a verdict against the wife on her claims of resulting trust, constructive trust, and equitable lien. This result is compelled not only by the law but also by the following factors listed by the husband in his brief:

(1) Title to the lot was taken in the name of husband and wife, the husband paying the purchase price with no contribution from the wife;

(2) There was never any agreement between the husband and wife as to the title to the lot or the house or their respective interests in them;

(3) The husband never made any false representations to the wife as to the title to the property or any other aspect of it;

(4) The husband made virtually all of the mortgage payments, and the bulk of the other contributions to the building of the house came from a loan or gift made to both of them; and

(5) The wife's notion that she owned the entire property was not based on anything her husband told her, but was based on a mere assumption which she never communicated to anyone.

It is not necessary to address plaintiff's resulting trust claim since she has not pursued it on appeal.

[1] With regard to the constructive trust claim the law is clear. Courts will impose a constructive trust on property to prevent the legal titleholder, who has acquired it through a breach of duty, fraud, or other inequitable circumstances, from being unjustly enriched. *See Cline v. Cline*, 297 N.C. 336, 255 S.E. 2d 399 (1979) and *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965). We find no evidence in the record of any fraud, breach of duty, or other wrongdoing by the husband, an essential prerequisite to imposing a constructive trust. *Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970).

[2] Similarly, we find no evidence in the record sufficient to invoke the doctrine of unjust enrichment or to raise a jury question concerning an equitable lien in the wife's favor. The mere fact that one party was enriched, even at the expense of the other, does not bring the doctrine of unjust enrichment into play. "There must be some added ingredients to invoke the unjust enrichment doctrine." *Wright v. Wright*, 305 N.C. 345, 351, 289 S.E. 2d 347, 351 (1982). In this case we find no promise, agreement, or representation by the husband that the house would be titled in the wife's name. Moreover, regardless of the source of the sixty thousand dollars put into the house, the wife has no special claim to reimbursement for it. The record reflects that the sixty thousand dollars was advanced to *both parties*, but even if it were not, the law is clear: neither party owning property as a tenant by the entirety prior to divorce is entitled to any reimbursement for payments on the mortgage or for other benefits to the property during the marriage. *Branstetter v. Branstetter*, 36 N.C. App. 532, 245 S.E. 2d 87 (1978).

III

[3] We summarily reject the wife's contention that the husband abandoned his interest in the realty. The record contains neither a statement by the husband that he intended to abandon his interest in the realty nor any other evidence sufficient to show an abandonment. "To constitute an abandonment or renunciation of [his fee simple interest] there must be acts and conduct positive, unequivocal, and inconsistent with his claim of title. Nor will mere

lapse of time or other delay in asserting his claim, unaccompanied by acts clearly inconsistent with his right, amount to a waiver or abandonment." *Banks v. Banks*, 77 N.C. 186, 187 (1877). *See also* 1 C.J.S. *Abandonment* Sec. 5(c) (1936). And this makes sense, since, when married parties separate, usually one of them leaves the home. Leaving the marital home, without more, simply does not constitute an abandonment of the property interest in the marital home. And, if facts were necessary to show no abandonment, the evidence would still weigh heavily in the husband's favor. Up until the alimony order, the husband voluntarily continued to make payments for mortgage, insurance, and taxes. He also made those payments while the alimony order was in effect from May 1978 until July 1982, two months after the lawsuit in this case was filed and his wife remarried.

## IV

[4] We summarily reject plaintiff's claim to a distribution of marital property. The Equitable Distribution of Marital Property Act, as codified at N.C. Gen. Stat. Sec. 50-20 (Supp. 1983), was effective on 1 October 1981, and applies only to actions for absolute divorce filed on or after that date. *Burmann v. Burmann*, 64 N.C. App. 729, 308 S.E. 2d 101 (1983). The parties in the instant case were divorced nearly three years prior to the effective date of the marital property act. Moreover, our Supreme Court implicitly rejected common law equitable distribution in *Leatherman v. Leatherman*, 297 N.C. 618, 256 S.E. 2d 793 (1979).

Finally, even if some common law equitable distribution were recognized in North Carolina, we fail to see how it could be applied three and one-half years after the divorce of the parties.

For the above reasons, the judgment of the trial court is

Affirmed.

Judges JOHNSON and BRASWELL concur.