HOMEQ v. WATKINS

[154 N.C. App. 731 (2002)]

HOMEQ D/B/A THE MONEY STORE, PLAINTIFF v. DANNY WATKINS, JR., DEFENDANT

No. COA02-106

(Filed 17 December 2002)

**Mortgages and Deeds of Trust; Unjust Enrichment— judicial foreclosure—equitable lien—upset bid period—unjust enrichment**

The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's claims for an equitable lien and judicial foreclosure arising out of plaintiff under the mistaken impression of ownership satisfying a first deed of trust on the pertinent property during the upset bid period of ten days under N.C.G.S. § 47-21.27 and defendant thereafter submitting an upset bid to become the new proposed owner, because: (1) plaintiff has failed to assert a claim for unjust enrichment since there is no legal or equitable obligation on defendant to pay plaintiff for satisfaction of the first deed of trust when defendant did not solicit or induce plaintiff's discharge of the first deed of trust; and (2) upon receiving notice of the upset bid and realizing its error, plaintiff had the opportunity to place its own upset bid within the new ten-day period.

Appeal by plaintiff from judgment entered 16 October 2001 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 10 October 2002.

*Hunton & Williams, by Matthew P. McGuire, for plaintiff-appellant.*

*Horack, Talley, Pharr & Lowndes, P.A., by Robert B. McNeill, and Johnson & Johnson, P.A., by W.A. Johnson, for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff appeals the dismissal of plaintiff's claim for an equitable lien and judicial foreclosure. The court determined plaintiff's complaint failed to state a claim upon which relief may be granted, and therefore dismissed the claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2001).

The case arises from plaintiff's payment of $121,519.98 satisfying the indebtedness of a first deed of trust that encumbered a piece of

real property bought by defendant. The first deed of trust was created in May 1995 when Kevin and Laura Anzelone ("the Anzelones") executed and delivered a first deed of trust to Central Carolina Bank and Trust Company ("CCB") encumbering a piece of real property ("the property") in the principal amount of $93,350.00. A second deed of trust was created by the Anzelones in March 1997 in the principal amount of $56,650.00, and was subsequently assigned to plaintiff. After the Anzelones defaulted on the second deed of trust, plaintiff began foreclosure proceedings.

On 14 September 2000, a foreclosure sale was conducted. Plaintiff submitted the highest bid, in the amount of $45,000.00. Eight days later, on 22 September 2000, plaintiff paid CCB $121,519.98 in satisfaction of the first deed of trust. On the same day, defendant filed an upset bid on the property in the amount of $47,250.00.

Plaintiff appeals asserting the trial court erred in granting defendant's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Plaintiff asserts the payment of the first deed of trust was made under a mistake of fact and a proper cause of action for unjust enrichment was stated in the complaint.

First, we explain how this situation developed. The North Carolina General Statutes provide that the final bidder at a foreclosure sale is a mere proposed purchaser, and the sale cannot be finalized until the upset bid period of ten days has expired. *See* N.C. Gen. Stat. § 45-21.27 (2001); *Shelby Bldg. & Loan Ass'n v. Black*, 215 N.C. 400, 401-02, 2 S.E.2d 6, 6-7 (1939). During the ten-day period, an upset bidder may submit a higher bid[1], along with a deposit, to the clerk of superior court with whom the report of sale was filed[2]. N.C. Gen. Stat. § 45-21.27(a). Once "an upset bid is made . . . the last prior bidder . . . shall be released from any further obligation." N.C. Gen. Stat. § 45-21.27(f). During this upset period, plaintiff, apparently under the mistaken impression of ownership, satisfied the first deed

---

1. The upset bid must exceed the prior bid by at least five percent (5%) or $750.00, whichever is greater. In this case, plaintiff submitted a bid of $45,000.00 and defendant submitted an upset bid of $47,500.00. Defendant's bid met the five percent requirement, and therefore constituted a proper upset bid.

2. The upset bidder simultaneously files with the clerk a signed notice of the bid stating the name, address and phone number of the upset bidder, the amount of the upset bid, and noting the upset period for this new bid shall remain open for ten days from the date of this new bid. N.C. Gen. Stat. § 45-21.27(e). The clerk must then "mail a written notice of the upset bid by first class mail to the last known address of the prior bidder." N.C. Gen. Stat. § 45-21.27(e1).

of trust. Defendant, having submitted an upset bid, became the new proposed purchaser, and plaintiff was released from further obligation. Plaintiff now seeks, through a claim of unjust enrichment, to reverse its mistake and recover from defendant for its satisfaction of the debt which had encumbered the property in question.

"The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated. To invoke the unjust enrichment doctrine, however, more must be shown than that one party voluntarily benefited another or his property." *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761 (1984). "In order to properly set out a claim for unjust enrichment, a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received." *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000). "Not every enrichment of one by the voluntary act of another is unjust. 'Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for their value.'" *Wright v. Wright*, 305 N.C. 345, 350, 289 S.E.2d 347, 351 (1982) (quoting *Rhyne v. Sheppard*, 224 N.C. 734, 737, 32 S.E.2d 316, 318 (1944)).

In this case, plaintiff has failed to assert a claim for unjust enrichment because there is no legal or equitable obligation on defendant to pay plaintiff for satisfaction of the first deed of trust. Here, defendant did not solicit or induce plaintiff's discharge of the first deed of trust. Plaintiff, presumably believing it owned the property, did not wait for the upset bid period to end before satisfying the debt on the property. Upon receiving notice of the upset bid, and realizing its error, plaintiff had the opportunity to place its own upset bid within the new ten-day period. Instead, plaintiff asks the court to act in equity to reverse the result of plaintiff now having paid $122,519.98 to satisfy a mortgage on property owned by defendant. Where defendant did not induce plaintiff's action, he is not responsible for plaintiff's error. Though defendant is enriched, "[t]he mere fact that one party was enriched, even at the expense of the other, does not bring the doctrine of unjust enrichment into play." *Williams v. Williams*, 72 N.C. App. 184, 187, 323 S.E.2d 463, 465 (1984).

Therefore, we hold the trial court did not err in dismissing plaintiff's claim of unjust enrichment.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.