D.W.H. PAINTING COMPANY, INC., PLAINTIFF v. D.W. WARD CONSTRUCTION COM-
PANY, INC., DEFENDANT/THIRD PARTY PLAINTIFF v. DIVERSIFIED MECHANICAL
LIMITED, INC., RURAL HEATING & PLUMBING, INC., BRITT PLUMBING, INC.,
THIRD PARTY DEFENDANTS

No. COA04-1220

(Filed 1 November 2005)

**1. Construction Claims— prime contractors—services ren-
dered for State of North Carolina—notice of damage**

A de novo review revealed that the trial court did not err by
denying third-party plaintiff a judgment for recovery under
N.C.G.S. § 143-128 for its painting services rendered to a State
of North Carolina construction project based on its determina-
tion that Article 15(e) of each party's contract with the State
required notice of damage to the prime contractor allegedly
responsible prior to repair of the damage, because: (1) to inter-
pret the contract otherwise would incorporate the likelihood of
protracted dispute and litigation between prime contractors;
(2) plaintiff did not provide notice to defendant until several
months after the damages occurred and almost two months after
the repairs were completed; (3) absent timely and effective
notice, no duty arose on the part of defendant to settle the claim
or resolve the dispute under the contract; (4) even assuming
arguendo that the designer's general statement regarding dam-
age to plaintiff's finishes by the other three prime contractors
was sufficient to establish defendant's responsibility for a por-
tion of the damage, defendant's duty to settle plaintiff's claim
or resolve the dispute never arose since defendant never re-
ceived timely and effective notice; and (5) general admonitions
at the weekly project meetings did not rise to the level of written
or verbal notice to defendant of potential claims or notice that
plaintiff was suffering economic harm from damage to its work
caused by defendant.

**2. Negligence— project expediter—failure to perform duties
under contract with State**

The trial court did not err by dismissing plaintiff's negligence
claim in an action where a project expediter sued a prime con-
tractor for its failure to properly perform the duties under its con-
tract with the State, because: (1) evidence of negligent perform-
ance by a prime contractor of its duties under a contract with the
State is legally insufficient to support a verdict based on negli-

gence; and (2) plaintiff's only cause of action was under N.C. Gen. Stat. § 143-128.

### 3. Unjust Enrichment— acceptance of benefit—failure to provide notice

The trial court did not err by concluding plaintiff was not entitled to restitution based on unjust enrichment, because plaintiff failed to provide timely and effective notice to defendant of its contention that defendant caused the damage and of its intention to repaint. Therefore, defendant could not have consciously accepted the benefit of the repainting.

Appeal by defendant/third-party plaintiff from judgment entered 9 June 2004 by Judge Henry W. Hight, Jr., in Durham County Superior Court. Heard in the Court of Appeals 11 May 2005.

*Pulley, Watson, King & Lischer, P.A., by James A. Clark, for defendant-third-party plaintiff-appellant.*

*Harley & Bey-Christopher, P.L.L.C., by Sharon Bey-Christopher for Diversified Mechanical Limited, Inc.-third-party defendant-appellee.*

CALABRIA, Judge.

D.W. Ward Construction Company, Inc., third-party plaintiff, ("plaintiff") appeals a judgment denying recovery for subcontractor D.W.H. Painting Company, Inc.'s ("D.W.H.") painting services rendered to a State of North Carolina construction project. We affirm.

Plaintiff and Diversified Mechanical Limited, Inc. ("defendant") were two of the four prime contractors for the State of North Carolina on a renovation project to Summerset Cottage at Murdock Center in Butner (the "project"). Plaintiff was the prime contractor responsible for installation of the ceilings, walls, trim, and flooring. In addition, the State designated plaintiff as the general contractor and "project expediter" which encompassed the following responsibilities: (1) scheduling of all the contractors' work; (2) maintaining a progress schedule for all contractors; (3) providing all contractors with adequate notice to ensure efficiency in all phases of the work; and (4) notifying the State's project designer (the "designer") of any changes in the project schedule. The defendant was the prime contractor responsible for all electrical work on the project. Rural Heating and Plumbing, Inc. ("Rural") was the prime contractor responsible for all

heating, ventilation, and air conditioning work on the project, and Britt Plumbing, Inc. ("Britt") was the prime contractor responsible for the plumbing.

The project started in June 2000 and ended in either August or September 2001. During that time, the four prime contractors worked on the project simultaneously. In March 2001, plaintiff discovered damage to the walls and paint finishes and suspected the damage occurred as a result of mistakes by defendant, Rural, and Britt. Plaintiff notified the designer and was instructed to repair the damage. Since plaintiff had contracted with D.W.H. to provide painting services for the project, D.W.H. agreed to repaint all of the damaged areas on a labor and materials basis outside of their original contract. Between 30 April and 27 June 2001, D.W.H. repainted the damaged areas and billed plaintiff weekly. The final cost of D.W.H.'s work was $15,784.11.

Plaintiff failed to notify defendant about the damage and repainting costs until August 2001. On 21 August 2001, at plaintiff's request, the designer sent letters to all three of the prime contractors: defendant, Britt, and Rural. The letters informed them of the damage to the paint finishes and asked them to pay D.W.H. for the repainting. Subsequently, plaintiff forwarded several invoices to defendant, totaling $8,156.81, and requested defendant pay D.W.H. directly for the repainting. Plaintiff similarly invoiced and requested payment from Rural and Britt for the balance of D.W.H.'s work. Defendant, Rural, and Britt refused to pay D.W.H. for the repainting.

On 4 June 2002, since plaintiff failed to pay D.W.H., D.W.H. filed a complaint against plaintiff demanding payment for the repainting in the amount of $13,926. plus interest from 14 February 2002. Plaintiff filed a third-party complaint against defendant, Rural, and Britt demanding payment for negligent damage to plaintiff's work or, in the alternative, restitution for the repainting costs on the basis of unjust enrichment. Plaintiff settled with D.W.H. for $17,284.11 and agreed to settle its claim against Rural and Britt for a combined sum of $5,000.

Plaintiff and defendant's dispute proceeded to trial, with plaintiff seeking $12,284.11 in damages from defendant. On 9 June 2004, the trial court found plaintiff improperly notified defendant about the damage and defendant was not responsible for the damages. Based on these findings, the trial court concluded "[plaintiff] failed to prove by the greater weight of the evidence that it is entitled to any contribution or reimbursement from [D]iversified [defendant] for

any work done by D.W.H." and entered judgment in favor of defendant. Plaintiff appeals.

N.C. Gen. Stat. § 143-128(b) (2003) authorizes the State to enter into "separate-prime contracts" for construction projects and provides in pertinent part:

> (b) Separate-prime contracts.—When the State . . . or other public body uses the separate-prime contract system, it shall accept bids for each subdivision of work for which specifications are required . . . and shall award the respective work specified separately to responsible and reliable persons, firms or corporations regularly engaged in their respective lines of work. . . . Each separate contractor shall be directly liable to the State of North Carolina . . . or other public body and to the other separate contractors for the full performance of all duties and obligations due respectively under the terms of the separate contracts and in accordance with the plans and specifications, which shall specifically set forth the duties and obligations of each separate contractor.

By referring to each prime contractor's contract with the State, N.C. Gen. Stat. § 148-128(b) "contemplates that a contractor who breaches his statutory duty to fulfill his contractual duties and obligations shall be liable for contract damages." *Bolton Corp. v. T. A. Loving Co.*, 94 N.C. App. 392, 404-05, 380 S.E.2d 796, 804 (1989). Under N.C. Gen. Stat. § 148-128(b), although the prime contractors did not enter into separate contracts with each other, "each contracted with the [State], and in that contract each affirmed its statutory duty to be liable to the other for damage to the other's property or work." *Bolton*, 94 N.C. App. at 397, 380 S.E.2d at 800. Accordingly, "a prime contractor may be sued by another prime contractor working on a construction project for economic loss foreseeably resulting from the first prime contractor's failure to fully perform 'all duties and obligations due respectively under the terms of the separate contracts.' " *Id.* (quoting N.C. Gen. Stat. § 143-128(b)).

**[1]** Plaintiff first asserts the trial court improperly interpreted Article 15(e) of each party's contract with the State to require notice of damage to the prime contractor allegedly responsible prior to repair of the damage. An issue of contract interpretation is a question of law reviewed *de novo*. *Harris v. Ray Johnson Constr. Co.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000).

In pertinent part, Articles 14c and 15e of each party's contract with the State provide the following:

ARTICLE 14

. . . .

> c. All contractors shall be required to cooperate and consult with each other during the construction of this project. . . . Each contractor shall be responsible for any damage to other contractor's work . . . .

. . . .

ARTICLE 15

. . . .

> e. Should a contractor cause damage to the work or property of another contractor, he shall be directly responsible, and upon notice, shall promptly settle the claim or otherwise resolve the dispute.

Interpreted together, Articles 14c and 15e require accountability for damages and settlement after timely and effective notice. Timely and effective notice under Article 15e is necessary to enable the contractor allegedly responsible for damage an opportunity to inspect the damage and to reach a prompt and equitable settlement or resolution with the prime contractor whose work was damaged. To interpret the contract otherwise would incorporate the likelihood of protracted dispute and litigation between prime contractors, as evidenced by the instant case, which may impact the efficient completion of the project, and conceivably encourage abuses. Therefore, the trial court properly interpreted Article 15e to require timely and effective notice to the prime contractor allegedly responsible for the damage prior to repair.

In the instant case, plaintiff did not provide notice to defendant until several months after the damages occurred and almost two months after the repairs were completed. Absent timely and effective notice, no duty arose on the part of defendant to settle the claim or resolve the dispute under the contract. Accordingly, we hold the trial court properly concluded plaintiff failed to give defendant proper notice of its alleged responsibility for damages and was barred from recovery.

Nonetheless, plaintiff cites *Biemann & Rowell Co. v. Donohoe Cos.* for the proposition that, under Article 18a and f of each party's contract with the State, the designer "is vested with the authority to render judgment on a contractor's performance, [and] the determination is prima facie correct[.]" *Biemann & Rowell Co. v. Donohoe Cos.*, 147 N.C. App. 239, 243, 556 S.E.2d 1, 4 (2001). Plaintiff argues that under this standard, the 21 August 2001 letter from the designer to defendant, Britt, and Rural established defendant's liability by stating, "Clearly, there was damage to the finishes of the General Contractor by the other Prime Contractors" during the later phase of the project. In pertinent part, Article 18a and f provide the following:

> a. The designer shall provide general administration of the performance of construction contracts, including liaison and necessary inspection of the work to ensure compliance with plans and specifications. . . . He has authority to stop work or to order work removed, or to order corrections of faulty work where such action may be necessary to assure successful completion of the work.
>
> . . .
>
> f. Based on the designer's inspections and evaluations of the project, the designer shall issue interpretations, directives and decisions as may be necessary to administer the project. His decisions relating to artistic effect and technical matters shall be final, provided such decisions are within the limitations of the contract.

Article 15e requires timely and effective notice to the contractor allegedly responsible for the damage prior to repair in order to establish the prime contractor's duty under the contract to settle the claim or resolve the dispute. Therefore, even assuming *arguendo* that the designer's general statement regarding damage to plaintiff's finishes by the other three prime contractors was sufficient to establish defendant's responsibility for a portion of the damage, defendant's duty to settle plaintiff's claim or resolve the dispute never arose because defendant never received timely and effective notice.

In the alternative, plaintiff argues the evidence did not support the trial court's finding of fact and conclusion of law that plaintiff failed to give defendant timely and effective notice. In a bench trial, the trial court's "findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support

them, even though the evidence might sustain findings to the contrary." *Williams v. Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). This Court reviews *de novo* whether a trial court's conclusions of law are supported by its findings of fact. *Mann Contr'rs, Inc. v. Flair with Goldsmith Consultants-II, Inc.*, 135 N.C. App. 772, 775, 522 S.E.2d 118, 121 (1999).

Specifically, plaintiff contends defendant received sufficient notice of its responsibility for the damage to plaintiff's work in several weekly project meetings. With respect to State construction projects, this Court stated in *Biemann* that notice provided in weekly project meetings is sufficient only where an aggrieved contractor gives "written or verbal notice of potential claims at these meetings [or] . . . notice that it is suffering economic harm." *Biemann*, 147 N.C. App. at 246, 556 S.E.2d at 6. Contrary to plaintiff's argument, competent evidence indicated the weekly project meetings included discussion regarding damages directed to the prime contractors collectively and generally reminded them to work together and avoid damaging other contractors' work. Such general admonitions at these meetings do not rise to the level of "written or verbal notice [to defendant] of potential claims [or] . . . notice that [plaintiff was] suffering economic harm" from damage to its work caused by defendant. *Id.* Accordingly, there was evidence to support the trial court's finding of fact and its finding of fact supported its conclusion of law that plaintiff failed to provide defendant with timely and effective notice.

[2] Plaintiff next asserts the trial court erred by dismissing its negligence claim. We consider the trial court's judgment to have adjudicated both plaintiff's N.C. Gen. Stat. § 143-128 claim and its negligence claim on the merits. Nevertheless, we must determine whether plaintiff could properly assert a negligence claim separate from its N.C. Gen. Stat. § 143-128 claim in order to discern whether plaintiff's arguments concerning the sufficiency of the evidence as to causation and damages must be addressed. This Court's decision in *Bolton* is dispositive of this issue. In *Bolton*, a prime contractor sued a project expediter alleging the project expediter was negligent in causing undue delay that resulted in damages to the prime contractor and its subcontractor. *Bolton Corp. v. T. A. Loving Co.*, 94 N.C. App. at 396, 380 S.E.2d at 799. In considering the validity of the prime contractor's claim, this Court determined the trial court properly granted a directed verdict in favor of the project expediter on the negligence claim; however, the prime contractor had a claim pursuant to N.C. Gen. Stat. § 143-128 for the project expediter's failure to fully perform

the duties under the provisions of its contract with the State. *Bolton*, 94 N.C. App. at 397, 380 S.E.2d at 800.

Accordingly, evidence of negligent performance by a project expediter of its duties under a contract with the State is legally insufficient to support a verdict based on negligence; the evidence can only be presented to the finder of fact for a verdict on a claim under N.C. Gen. Stat. § 143-128. *See generally Wellmon v. Hickory Construction. Co.*, 88 N.C. App. 76, 79, 362 S.E.2d 591, 593 (1987) (stating "[a] motion . . . for a directed verdict under [N.C. Gen. Stat. §] 1A-1, Rule 50(a) [(2003)] tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff"). We discern no legally significant difference between *Bolton*, in which a prime contractor sued a project expediter for its failure to properly perform the duties under its contract with the State, and the instant case, in which a project expediter sued a prime contractor for its failure to properly perform the duties under its contract with the State: both involve two prime contractors. Therefore, in the instant case, plaintiff's only cause of action was under N.C. Gen. Stat. § 143-128. Having determined plaintiff's claim under N.C. Gen. Stat. § 143-128 fails for lack of timely and effective notice to defendant, we need not address plaintiff's arguments regarding the sufficiency of the evidence.

[3] Plaintiff finally asserts the trial court erred in concluding plaintiff was not entitled to restitution based on unjust enrichment. Unjust enrichment is "a claim in quasi contract or contract implied in law." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). "When one [party] confers a benefit upon another which is not required by a contract either express or implied [in fact] or a legal duty, the recipient thereof is often unjustly enriched and will be required to make restitution therefor." *Siskron v. Temel-Peck Enterprises*, 26 N.C. App. 387, 390, 216 S.E.2d 441, 444 (1975).

> In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. The benefit must not be gratuitous and it must be measurable.

*Booe*, 322 N.C. at 570, 369 S.E.2d at 556. Additionally, "the defendant must have consciously accepted the benefit." *Id.*

In the instant case, plaintiff failed to provide timely and effective notice to defendant of its contention that defendant caused the damage and of its intention to repaint. Therefore, defendant could not have consciously accepted the benefit of the repainting. Accordingly, the trial court properly determined plaintiff was not entitled to restitution for unjust enrichment due to its failure to provide defendant with proper notice.

We have carefully considered plaintiff's remaining arguments and consider them to be without merit. For the foregoing reasons, we affirm the trial court's judgment in favor of defendant.

Affirmed.

Judges McGEE and ELMORE concur.