**JPMORGAN CHASE BANK v. BROWNING**

[230 N.C. App. 537 (2013)]

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Plaintiff
v.
LINDA D. BROWNING, a/k/a LINDA BROWNING and LESLIE BROWNING
a/k/a LESLIE DEANNE BROWNING DAVIS, Defendants

No. COA13-358

Filed 19 November 2013

**1. Appeal and Error—preservation of issues—failure to argue**

While plaintiff sought relief at trial on four grounds, plaintiff sought review only of the trial court's treatment of its unjust enrichment claim and argued the trial court abused its discretion in denying its request for leave to amend its complaint. Plaintiff therefore abandoned the remaining three grounds raised in the trial court under N.C. R. App. P. 28(b)(6).

**2. Unjust Enrichment—benefit voluntarily bestowed—no action to induce**

The trial court did not err by granting summary judgment in favor of defendants on plaintiff's unjust enrichment claim. The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for the value. The record did not contain evidence that defendants took any action to induce plaintiff's discharge of the First Deed of Trust.

**3. Pleadings—denial of motion to amend complaint—no new evidence**

The trial court did not abuse its discretion in an unjust enrichment case by denying plaintiff's request for leave to amend its complaint. Nothing in the record suggested that the "new evidence" supplied in the information supporting the motion to amend would show solicitation or inducement by defendants, a material issue of fact to be resolved by the jury.

Appeal by plaintiff JPMorgan Chase Bank from order entered 26 October 2012 by Judge Sharon Tracey Barrett in Cherokee County Superior Court. Heard in the Court of Appeals 12 September 2013.

*Roberson Haworth & Reese, by Alan B. Powell, Christopher C. Finan, and Matthew A.L. Anderson, for plaintiff-appellant.*

*Cowan & Cowan, P.A., by Ronald M. Cowan, for defendant-appellees.*

HUNTER, JR., Robert N., Judge.

JPMorgan Chase Bank ("Plaintiff") appeals from a 26 October 2012 order granting summary judgment in favor of Linda Browning and Leslie Browning (collectively "Defendants"). Upon review, we affirm the trial court's order granting summary judgment and denying Plaintiff's motion to amend.

## I. Facts & Procedural History

Plaintiff filed a civil summons, notice of *lis pendens*, and its complaint on 2 December 2011 in Cherokee County Superior Court. Defendants filed an answer and counterclaims on 23 February 2012. Plaintiff replied to the counterclaims on 14 June 2012. Defendants filed a motion for summary judgment on 20 August 2012. Plaintiff filed a motion for leave to amend its complaint on 1 October 2012.

The summary judgment motion and motion to amend the pleadings were heard simultaneously by the Honorable Sharon T. Barrett on 26 October 2012. Judge Barrett granted Defendants' motion for summary judgment and denied Plaintiff's motion for leave to amend. The trial court served Plaintiff with this order on 19 November 2012, and notice of appeal was timely filed on 29 November 2012. The record and exhibits presented on appeal tended to show the following facts.

This action concerns title to real property located at 179 Peachtree Street in Murphy, North Carolina ("Peachtree"). A brief history of the chain of title shows Defendants' grandparents Evan Alonzo Browning ("Evan") and Fleta Browning ("Fleta") previously owned Peachtree. Fleta passed away, leaving Evan as the sole owner as a surviving tenant by the entirety. Evan then conveyed Peachtree to Defendants on 26 August 1986 by a properly recorded deed, reserving a life estate for himself. Evan passed away on 27 October 1989. Defendants later conveyed a one-third interest to their father William Evan Browning ("Father") by general warranty deed on 31 March 1989. Father deeded his one-third interest in Peachtree to himself and his wife Mildred Browning on 13 January 1992, creating a tenancy by the entirety. Mildred Browning predeceased her husband in 1999.

On 24 April 2001, Father individually executed a promissory note payable to First-Citizens Bank and Trust Company in the amount of $162,000 ("First Note"). On the same date, to secure the First Note, Defendants and Father executed a deed of trust ("First Deed of Trust") to secure repayment of the First Note. The uniform settlement

statement shows a title examination fee of $275.00 paid to Hyde, Hoover, & Lindsay, a Murphy, North Carolina law firm. As part of the closing, Attorney Charles W. McHan, Jr. notified Defendants that they needed to sign the First Deed of Trust in order for Father to complete the transaction. Defendants signed the First Deed of Trust, but not the First Note.

On or near 16 August 2005, Father executed a second promissory note in the amount of $236,300.00, payable to Gordon Lending Corporation, Plaintiff's predecessor in interest ("Second Note"). Father simultaneously executed a deed of trust ("Second Deed of Trust"), which was later recorded on 29 August 2005 in the Cherokee County Registry. Advantage Equity Services of Pittsburgh, Pennsylvania completed a "Title Commitment" for Father and his then-deceased wife, Mildred Browning. On the "Title Commitment," Schedule B, Item 3 required as a condition of closing that a "loan termination authorization must be signed by the borrowers for each mortgage appearing on the title." In the mortgages section of this document, the First Deed of Trust is listed, along with mortgagees "William E. Browning, Unmarried, Linda D. Browning, Unmarried, and Leslie D. Browning Davis, Unmarried." There is also a title insurance fee of $405.50 and a title exam fee of $185.00 listed on the "Title Commitment" document.

Defendants did not execute either the Second Note or the Second Deed of Trust. The 29 August 2005 Second Deed of Trust listed the borrowers as Father and his then-deceased wife, Mildred Browning, but not Defendants. Despite the title commitment requirement, then-deceased Mildred Browning did not sign the Second Deed of Trust. The record does not show Defendants signed a "loan termination authorization."

At closing, Gordon Lending Corporation disbursed $153,711.09 from the proceeds of the Second Note to satisfy the First Note and First Deed of Trust. The Second Deed of Trust was drafted by Gordon Lending Corporation. Additionally, the closing statement from Gordon Lending Corporation did not include any charges for checking the chain of title or for attorney's fees, although a $475 fee was paid to Advantage Equity Services. The record lacks any indication of involvement by a licensed North Carolina attorney in the second transaction.

Father died intestate on 13 September 2006 with Defendants being his only heirs. By letter dated 15 December 2006, the administrator of Father's estate notified the then-holder of the Second Deed of Trust, Plaintiff's predecessor in interest, Washington Mutual Bank, that (i) Father never owned more than a one-third interest in Peachtree; (ii) each of Defendants owned a one-third interest; and (iii) the Second Deed of

Trust constituted a lien on only a one-third tenancy in common interest in Peachtree. The administrator also notified Washington Mutual that "it does not appear that a local attorney did any title examination and [does appear] that the whole transaction was handled by an out-of-state closing company, which may violate North Carolina statutes dealing with the authorized practice of law." The administrator also forwarded copies of the closing documents to the North Carolina State Bar for any appropriate action. Washington Mutual acknowledged receipt of this letter by its own letter dated 25 January 2007. Washington Mutual replied that it had "initiated an investigation of the allegations you raise and will advise you of our determination when concluded."

On 25 September 2008, the Federal Deposit Insurance Company labeled Washington Mutual Bank a "Failed Bank." Plaintiff, JPMorgan Chase, assumed the liabilities and purchased the assets of Washington Mutual Bank. Plaintiff is now the holder in due course of the Second Note and the beneficiary of the Second Deed of Trust.

[1] Plaintiff filed a complaint in Cherokee County Superior Court requesting: (i) that the Second Deed of Trust be declared a valid lien; (ii) to establish a trust in the property or to reform the Second Deed of Trust; (iii) to quiet title; or (iv) in the alternative, to find for Plaintiff that Defendants were unjustly enriched. While Plaintiff sought relief at trial on all four grounds, Plaintiff seeks review only of the trial court's treatment of its unjust enrichment claim and argues the trial court abused its discretion in denying Plaintiff's request for leave to amend its complaint. Plaintiff therefore has abandoned the remaining three grounds raised in the trial court. *See* N.C. R. App. P. 28(b)(6) (2011) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

## II. Jurisdiction & Standard of Review

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A–27(b) (2011), as Plaintiff appeals from a final order of the superior court as a matter of right.

The first issue on appeal is whether the trial court properly granted summary judgment with respect to Plaintiff's unjust enrichment claim; this issue is reviewed *de novo*. *In Re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). The standard of review relating to the granting or denial of a summary judgment motion is whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, 276 S.E.2d 283 (1981). "In ruling on the

motion, the court must consider the evidence in the light most favorable to the nonmovant, who is entitled to the benefit of all favorable inferences which may reasonably be drawn from the facts proffered." *Averitt v. Rozier*, 119 N.C. App. 216, 218, 458 S.E.2d 26, 28 (1995). Summary judgment may be properly shown by " 'proving that an essential element of the plaintiff's case is non-existent.' " *Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 10, 652 S.E.2d 284, 292 (2007) (quoting *Draughon v. Harnett Cnty. Bd. of Educ.*, 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003)).

The second issue on appeal is whether the court improperly denied a request for leave to amend Plaintiff's complaint and is reviewed under an abuse of discretion standard. "Leave to amend should be granted when 'justice so requires,' or by written consent of the adverse party . . . The granting or denial of a motion to amend is within the sound discretion of the trial judge, whose decision is reviewed under an abuse of discretion standard." *House Healers Restorations, Inc. v. Ball*, 112 N.C. App. 783, 785–86, 437 S.E.2d 383, 385 (1993) (internal citation omitted). "If the trial court articulates a clear reason for denying the motion to amend, then our review ends. Acceptable reasons for which a motion to amend may be denied are 'undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice and futility of the amendment.' " *NationsBank of N.C., N.A. v. Baines*, 116 N.C. App. 263, 268, 447 S.E.2d 812, 815 (1994) (quoting *Coffey v. Coffey*, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471 (1989)). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988); *see also White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision.").

## III. Analysis

### A. Unjust Enrichment

[2] Plaintiff first argues that the trial court erred in granting summary judgment in favor of Defendants on its unjust enrichment claim. We disagree.

A prima facie claim for unjust enrichment has five elements. First, one party must confer a benefit upon the other party. *D.W.H. Painting Co., Inc. v. D.W. Ward Const. Co., Inc.*, 174 N.C. App. 327, 334, 620 S.E.2d 887, 893 (2005). Second, the benefit "must not have been conferred

officiously, that is it *must not be conferred by an interference in the affairs of the other party* in a manner that is not justified in the circumstances." *Id.* (emphasis added) (quoting *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988)) (quotation marks omitted). Third, the benefit must not be gratuitous. *Id.* Fourth, the benefit must be measurable. *Id.* Last, "the defendant must have consciously accepted the benefit." *Id.* For purposes of this appeal, we hold that the Plaintiff could show at trial three of these elements: (i) that the discharge of the First Deed of Trust was a benefit; (ii) that the benefit was non-gratuitous; and (iii) that the benefit was measurable. However, because the Plaintiff did not forecast evidence showing that the benefit was not officiously conferred, we affirm the trial court's granting of summary judgment.

"The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated. More must be shown than that one party voluntarily benefited another or his property." *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761 (1984). "In order to properly set out a claim for unjust enrichment, a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received." *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000). "Not every enrichment of one by the voluntary act of another is unjust. 'Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. *The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for their value.*'" *Wright v. Wright*, 305 N.C. 345, 350, 289 S.E.2d 347, 351 (1982) (emphasis added) (quoting *Rhyne v. Sheppard*, 224 N.C. 734, 737, 32 S.E.2d 316, 318 (1944)).

For example, in *Homeq v. Watkins*, 154 N.C. App. 731, 572 S.E.2d 871 (2002), this Court held the unsolicited payment of a deed of trust does not, by itself, support an unjust enrichment claim. 154 N.C. App. at 733–34, 572 S.E.2d at 873. In *Homeq*, the plaintiff was the "final bidder" at a foreclosure sale. *Id.* at 732, 572 S.E.2d at 872–73. During the ten-day upset bid period, the plaintiff in *Homeq* satisfied an existing deed of trust, but an upset bidder properly placed a higher bid during the ten-day period. *Id.* at 732–33, 572 S.E.2d at 873.

This Court found that there was "no legal or equitable obligation" for defendant to pay plaintiff for satisfying the first deed of trust. *Id.* at 733, 572 S.E.2d at 873. Particularly, this Court noted that the defendant

*"did not solicit or induce plaintiff's discharge of the first deed of trust,"* and that plaintiff even had an opportunity to place its own upset bid within the ten-day period. *Id.* (emphasis added). This Court ultimately found that "[w]here defendant did not induce plaintiff's action, he is not responsible for plaintiff's error. Though defendant is enriched, '[t]he mere fact that one party was enriched, even at the expense of the other, does not bring the doctrine of unjust enrichment into play.'" *Id.* (quoting *Williams v. Williams*, 72 N.C. App. 184, 187, 323 S.E.2d 463, 465 (1984)).

The present case is similar to *Homeq*. Here, Plaintiff's predecessor in interest received a promissory note under which Father would pay $236,300. The Second Deed of Trust secured the promissory note and stated an *intention* to encumber the entire Peachtree property. However, Gordon Lending Corporation failed to secure the signatures of the other property owners on the Second Deed of Trust, and thus did not encumber the entire property. We note that Plaintiff's predecessor in interest, Gordon Lending Corporation, prepared the Second Deed of Trust and the closing statement's lack of a title examination fee tends to indicate that no title search was performed. Gordon Lending Corporation also utilized the services of a Pittsburgh, Pennsylvania company, Advantage Equity Services. In its 11 August 2005 "Title Commitment" document, this firm discovered the First Deed of Trust, listing as mortgagors Father and Defendants. Plaintiff was clearly on notice of the potential multiple ownership of Peachtree. However, Gordon Lending Corporation did not require or obtain the signatures of Defendants on the Second Deed of Trust before it disbursed the funds. Gordon Lending Corporation satisfied the First Deed of Trust in the amount of $153,711.09, doing so officiously.

We note this chain of events stands in contrast to Father's execution of the First Deed of Trust, where attorneys from Murphy, North Carolina required the signatures of Defendants on the First Deed of Trust before funds were distributed by First-Citizens Bank and Trust Company. This error or omission by the bank and the title company is self-inflicted.

The trial court further found that Defendants never knew of or agreed to encumber their individual one-third interests in exchange for Father's 2005 transaction. Without any knowledge of Father's action, Defendants could not induce action by Gordon Lending Corporation to fully satisfy the First Deed of Trust. *See Rhyne*, 224 N.C. at 737, 32 S.E.2d at 318 (noting the requirement of solicitation or inducement in unjust enrichment actions). Defendants may have gained financially by the actions of Plaintiff's predecessor, but under *Wright*, they were not *unjustly enriched*. "The recipient of a benefit voluntarily bestowed

without solicitation or inducement is not liable for [its] value." *Wright*, 305 N.C. at 350, 289 S.E.2d at 351 (citation and quotation marks omitted). Defendants are not responsible for the mistakes of Plaintiff's predecessor because they took no affirmative steps to induce action of which they were unaware.

This deficiency in the forecast of evidence relating to solicitation or inducement is sufficient to grant summary judgment for Defendants. Summary judgment is proper when "an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted). Because the record does not contain evidence that Defendants took any action to induce the Plaintiff's discharge of the First Deed of Trust, an essential element of an unjust enrichment claim is not met, summary judgment is appropriate, and we affirm the trial court.

### B. Leave to Amend Pleadings

[3] Plaintiff argues that the trial court's denial of its motion to amend the Complaint was a manifest abuse of discretion. We disagree and affirm the trial court.

Motions to amend are governed by North Carolina Civil Procedure Rule 15(a), which provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. R. Civ. P. 15(a). A ruling on a motion for leave to amend is left to the sound discretion of the trial judge and the denial of such a motion is not reviewable except for a clear showing of abuse of discretion. *Martin v. Hare*, 78 N.C. App. 358, 360–61, 337 S.E.2d 632, 634 (1985).

A trial court abuses its discretion only where no reason for the ruling is apparent from the record. *Ledford v. Ledford*, 49 N.C. App. 226, 233–34, 271 S.E.2d 393, 398–99 (1980). "A motion to amend may be denied for '(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments.'" *Strickland v. Lawrence*, 176 N.C. App. 656, 666–67, 627 S.E.2d 301, 308 (2006) (quoting *Carter v. Rockingham Cnty. Bd. of Educ.*, 158 N.C. App. 687, 690, 582 S.E.2d 69, 72 (2003)).

Here, the record indicates that the trial court denied Plaintiff's motion to amend based on undue delay and the futility of an amendment. If either ground exists, then the trial court did not abuse its discretion. Nothing in the record suggests that the "new evidence" supplied in the

JPMORGAN CHASE BANK v. BROWNING

[230 N.C. App. 537 (2013)]

information supporting the motion to amend would show solicitation or inducement by Defendants, a material issue of fact to be resolved by the jury. Put differently, there is no forecast of evidence that Defendants participated in any way in procuring the second transaction. In the absence of such evidence, which is necessary to supply the missing proof needed to withstand the summary judgment motion, any further amendment would be futile.

Plaintiff correctly notes that new evidence may give rise to new equitable remedies. *Commercial Farmers Bank v. Scotland Neck Bank*, 158 N.C. 238, 244, 73 S.E. 157, 160 (1911). However, as noted above, Defendants' affidavit admitting their prior signatures on the First Deed of Trust was not new evidence. While Defendants provided affidavits that were perhaps "new documents" stating that they had signed the First Deed of Trust, several pre-existing documents made this fact self-evident. First, the First Deed of Trust contained both Defendants' notarized signatures and could be accessed at the Register of Deeds office. Second, Defendants' answer, filed and served on 23 February 2012, noted both Defendants' signatures on the First Deed of Trust. While Defendants reaffirmed that they signed the First Deed of Trust via affidavit on 15 August 2012, this does not constitute "new evidence" that would give rise to additional claims for equitable subrogation or equitable assignment, nor does it show an abuse of discretion by the court. For these reasons, we affirm the trial court's denial of the motion based on futility.

For the reasons stated above, the decision of the trial court is

AFFIRMED.

Judges ERVIN and DAVIS concur.