**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2028**

LAW OFFICES OF JOHN L. JULIANO, P.C.,

       Plaintiff - Appellant,

   v.

JOHN W. JENSEN; JENSEN LAW, P.A., d/b/a Jensen Law Group,

       Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cv-00288-CCE-JEP)

Argued: October 25, 2016        Decided: December 15, 2016

Before TRAXLER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Traxler and Judge Wynn joined.

**ARGUED**: Steven B. Epstein, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellant. Jonathan Arthur Berkelhammer, ELLIS & WINTERS LLP, Greensboro, North Carolina; Robert Ellis Zaytoun, ZAYTOUN LAW FIRM, PLLC, Raleigh, North Carolina, for Appellees. **ON BRIEF**: Andrew H. Erteschik, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellant. Matthew D. Ballew, ZAYTOUN LAW FIRM, PLLC, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

The Law Offices of John L. Juliano, P.C. (Juliano),[1] a New York law firm, filed this diversity action seeking payment of one third of attorneys' fees recovered in a North Carolina personal injury lawsuit conducted by the defendants, attorney John W. Jensen (Jensen) and his law firm, Jensen Law Group (Jensen Law). Although Juliano was not directly involved in the North Carolina litigation, he asserts that he is entitled on equitable grounds to a portion of Jensen's fees, based on a fee-sharing agreement he reached with Jensen's former law firm.

The district court concluded that Juliano had failed to state a claim for unjust enrichment, and had not attempted to plead a separate quantum meruit claim. Accordingly, the court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6). Upon our review, we affirm the district court's judgment.

I.

In 2007, Howard Hazlett, who is not a party to this case, retained Juliano to represent him after Hazlett suffered

---

[1] Although the only plaintiff in this case is the corporate entity Law Offices of John L. Juliano, P.C., for ease of reference we refer to both the law firm and its founding attorney, John Juliano, as "Juliano" throughout the opinion.

injuries in a watercraft accident that occurred in North Carolina.[2] Juliano filed a personal injury action in New York state court on Hazlett's behalf, which later was dismissed without prejudice (the New York case).

In October 2008, after the New York case was dismissed, Juliano referred Hazlett's case to the North Carolina law firm of Jensen McGrath Podgorny (JMP), of which defendant Jensen was a partner. Hazlett and JMP entered into a written contingency fee agreement (the 2008 agreement) under which JMP would receive a certain portion of any total amount that Hazlett recovered. The 2008 agreement also included a "fee division schedule," which provided that one third of the fee collected by JMP would be paid to Juliano. Although JMP filed a personal injury action on Hazlett's behalf in North Carolina state court (the first North Carolina case), that case was dismissed without prejudice in April 2010.

In September 2010, Jensen resigned from JMP and formed a new law firm, Jensen Law. At that time, Hazlett elected to have

---

[2] Because the district court dismissed the complaint under Rule 12(b)(6), we recount the facts as alleged in the complaint. See Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655, 658 (4th Cir. 2016). We also may consider documents attached to a motion to dismiss that were "integral to and explicitly relied on in the complaint." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted).

his case remain with Jensen's former law firm, now named McGrath Podgorny, P.A.

In March 2011, McGrath Podgorny filed a second personal injury action on Hazlett's behalf in North Carolina state court (the second North Carolina case). While this case was pending, attorney McGrath resigned from McGrath Podgorny. In July 2012, Podgorny, the only remaining partner, withdrew as Hazlett's counsel from the second North Carolina case. Prior to his withdrawal, however, Podgorny contacted Jensen, who indicated that he and Jensen Law would be willing to assume representation of Hazlett in the pending case.

Hazlett, after having proceeded pro se in the second North Carolina case for about three weeks, ultimately executed a written contingency fee agreement with Jensen Law in August 2012. In that agreement, Hazlett expressly stated that he was revoking all prior contracts governing attorney representation and fees. In contrast to the 2008 agreement between Hazlett and JMP, the new agreement between Hazlett and Jensen Law did not include a fee division schedule allocating to Juliano any portion of the attorneys' fees recovered from the lawsuit.

During the course of Jensen's work on Hazlett's case, Juliano's only contact with Jensen consisted of two letters, in which Juliano advised Jensen that Hazlett owed Juliano $2,000

4

for certain expenses incurred in the New York case. Jensen eventually paid Juliano this amount.

Hazlett's claim in the second North Carolina case proceeded to a jury trial, which lasted about one month. In August 2013, the state court entered judgment on the jury's verdict in favor of Hazlett for about $5.7 million. As a result, Jensen Law collected a forty percent contingency fee of almost $2.3 million. Juliano learned of the judgment in July 2014, nearly one year after the verdict was entered, and contacted Jensen requesting payment of one third of the attorneys' fees recovered. Juliano asserted that he was entitled to this sum based on the 2008 agreement. Jensen refused Juliano's request.

Juliano later filed the present action in federal district court, alleging a single claim entitled "unjust enrichment and imposition of constructive trust or equitable lien." In his claim, Juliano sought one third of the attorneys' fees recovered by Jensen and Jensen Law in the second North Carolina case. The district court held that Juliano had failed to state a claim of unjust enrichment because he had not conferred, and Jensen had not accepted, any benefit regarding Jensen's representation of Hazlett in the second North Carolina case.[3] The district court

---

[3] The district court held in the alternative that the complaint could be dismissed on the ground that Juliano had failed to comply with Rule 1.5(e) of the North Carolina Rules of (Continued)

5

also rejected Juliano's assertion that his complaint included a claim for recovery in quantum meruit. The court accordingly dismissed the complaint in its entirety, and this appeal followed.

II.

Juliano argues that the district court erred in dismissing his complaint under Rule 12(b)(6). Although Juliano acknowledges that he has not alleged a "garden-variety unjust enrichment claim," he nonetheless seeks to "invoke the equitable powers of the court to impose a constructive trust" on a portion of Jensen's fees. Juliano effectively seeks an equitable transfer of the fee-sharing obligations of JMP onto Jensen, arguing that: (1) Jensen was aware of the 2008 agreement between Hazlett and JMP; and (2) Hazlett would not have retained Jensen in the second North Carolina case if Juliano had not initially referred Hazlett's case to JMP in 2008. Accordingly, Juliano contends that his complaint states a claim of unjust enrichment based on Jensen's retention of the entire $2.3 million fee

Professional Conduct, which governs fee-sharing arrangements between attorneys. Because we agree with the court's primary conclusion that Juliano has failed to state a claim, we do not address this additional rationale.

6

collected in the second North Carolina case. We disagree with Juliano's arguments.[4]

We review de novo the district court's dismissal of the complaint under Rule 12(b)(6), accepting Juliano's well-pleaded allegations as true and drawing all reasonable inferences in his favor. See Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 705 (4th Cir. 2016). To state a claim for unjust enrichment under North Carolina law, a plaintiff must allege that: (1) one party conferred a benefit upon the other party; (2) the benefit was not "conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances"; (3) the benefit was not gratuitous; (4) the benefit was measureable; and (5) the defendant consciously accepted the benefit. JPMorgan Chase Bank, N.A. v. Browning, 750 S.E.2d 555, 559 (N.C. Ct. App. 2013) (emphasis and citation omitted). Thus, the mere fact that one party was enriched at the expense of another, without more, does not amount to a claim of unjust enrichment. Butler v. Butler,

---

[4] We observe that despite language in the complaint clearly asserting a claim for unjust enrichment, counsel for Juliano appeared at oral argument to abandon this claim, and instead argued exclusively that the court should impose a constructive trust on one third of Jensen's fees. As we discuss further below, both theories fail for the same reason, namely, that Juliano has not alleged facts showing that it would be inequitable for Jensen to retain the entirety of the fees recovered.

7

768 S.E.2d 332, 336 (N.C. Ct. App. 2015) (citing Watson Elec.
Constr. Co. v. Summit Cos., LLC, 587 S.E.2d 87, 92 (N.C. Ct.
App. 2003)). Instead, a benefit must have been conferred on the
defendant "under circumstances which give rise to a legal or
equitable obligation on the part of the defendant to account for
the benefit[] received." Id. at 336-37 (citation omitted).

The Supreme Court of North Carolina also has explained that
a constructive trust

> is a duty, or relationship, imposed by courts of
> equity to prevent the unjust enrichment of the holder
> of title to, or of an interest in, property which such
> holder acquired through fraud, breach of duty or some
> other circumstance making it inequitable for him to
> retain it against the claim of the beneficiary of the
> constructive trust.

Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs.,
LLC, 723 S.E.2d 744, 751 (N.C. 2012) (citation omitted).
Although "actual wrongdoing, such as fraud or breach of
fiduciary duty" is not required to impose a constructive trust,
a plaintiff nevertheless must allege that it would be
inequitable for the defendant to retain the funds in question,
or that the defendant "acquired the funds in an unconscientious
manner." Houston v. Tillman, 760 S.E.2d 18, 21-22 (N.C. Ct.
App. 2014) (citing Variety Wholesalers, 723 S.E.2d at 751-52).

Here, however, Juliano has not alleged that Jensen engaged
in any "unconscientious" conduct or other questionable activity
in his representation of Hazlett. The facts alleged in his

8

complaint also do not identify any inequity that would result from Jensen's retention of the entire attorneys' fee award, but merely point to the circumstance that Juliano "brought" the case to JMP in 2008 when Jensen was a partner in that firm. And, notably, Juliano has not alleged any facts suggesting that he assisted Jensen in representing Hazlett or otherwise participated in the trial of the case.

We therefore agree with the district court's conclusion that the facts alleged by Juliano do not support a claim for unjust enrichment, and do not identify an inequitable result justifying imposition of a constructive trust. Juliano has not alleged any relationship with Jensen or Jensen Law that would support imposition of a fee-sharing obligation. Any relationship between Juliano and Jensen based on Jensen's prior membership in JMP is too attenuated to support an equitable basis for recovery of the fees at issue. Jensen had left JMP nearly two years before Hazlett eventually retained him for representation in the second North Carolina case. During that interim period, Hazlett had been represented by McGrath Podgorny until briefly proceeding pro se before retaining Jensen. Moreover, Juliano did not enter an appearance on Hazlett's behalf in either of the North Carolina cases, nor did Juliano refer Hazlett's case to Jensen or Jensen Law while Hazlett was acting pro se in the second North Carolina case.

9

Significantly, as noted above, Juliano did not provide any assistance during Jensen's litigation of the second North Carolina case. In fact, Juliano was unaware that the case had resulted in a jury verdict in Hazlett's favor until nearly a year after the trial had concluded. And, as we have observed, Juliano's only communication with Jensen during the period of Jensen's representation related to Juliano's request for payment of expenses incurred in the former New York case. Given these facts and circumstances, Juliano has failed to provide a factual basis to support his allegation that it would be inequitable for Jensen to retain the attorneys' fees he earned exclusively by virtue of his work under his fee agreement with Hazlett.[5]

Finally, we disagree with Juliano's contention that the substance of his complaint also stated a claim for quantum meruit, apart from his claim for unjust enrichment and constructive trust. Although Juliano is correct that he was not obliged to use "magic words" in his complaint identifying a specific legal theory of recovery, he nevertheless was required in his pleading to give the defendants "fair notice" of the nature of his claims. See Stevenson v. City of Seat Pleasant,

---

[5] Although the district court dismissed the unjust enrichment claim on the ground that Juliano did not confer a benefit on Jensen, we may affirm the court's Rule 12(b)(6) dismissal on any basis supported by the record. See Greenhouse v. MCG Capital Corp., 392 F.3d 650, 660 (4th Cir. 2004).

743 F.3d 411, 418, 420 (4th Cir. 2014) (citations omitted); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Hartmann v. Cal. Dep't of Corrs. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). Juliano's complaint, however, fails to contain any language placing Jensen on "fair notice" that Juliano was seeking reimbursement in quantum meruit for services rendered in the New York case, and does not identify any work Juliano had performed that would entitle him to recover the attorneys' fees requested in his complaint. Accordingly, we hold that the district court properly rejected Juliano's attempt to argue a claim of quantum meruit that was not pleaded in his complaint.

## III.

For these reasons, we affirm the district court's judgment.

AFFIRMED